TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00046-CR


NO. 03-96-00047-CR


NO. 03-96-00048-CR


NO. 03-96-00049-CR


NO. 03-96-00050-CR


NO. 03-96-00051-CR







Ex Parte: Alvis Woodall, Appellant








FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT


NOS. 4680, 4681, 4682, 4683, 4684, & 4685


HONORABLE CLAYTON E. EVANS, JUDGE PRESIDING







PER CURIAM


 Appellant was arrested after six complaints were filed accusing him of sexual
assault of a child. Bail in each cause was set at $100,000. Appellant filed applications for writ
of habeas corpus asking that bail be reduced to $7500 in each cause. The writs issued and, after
a hearing, the district court ordered that bail be reduced in each cause to $60,000. This appeal
followed.

 The right to release on reasonable bail is guaranteed by the constitution. Tex.
Const. art. I, §§ 11, 13. While bail should be sufficiently high to give reasonable assurance that
the undertaking will be complied with, the power to require bail is not to be used so as to make
it an instrument of oppression. Tex. Code Crim. Proc. Ann. art. 17.15 (West Supp. 1992). 
Among the factors to be considered in setting bail are the nature of the offense and the
circumstances under which it was committed, and the defendant's ability to make bail. Id. 
Consideration may also be given to the defendant's ties to the community. Ex parte Ivey, 594
S.W.2d 98 (Tex. Crim. App. 1980). The ability of the accused to make bail does not of itself
control the amount of bail. Ex parte Gentry, 615 S.W.2d 228 (Tex. Crim. App. 1981). The
burden of proof is on the applicant to prove that bail is excessive. Ex parte Rubac, 611 S.W.2d
848 (Tex. Crim. App. 1981).

 At the time of the hearing, appellant was eighty years old. He has lived in Llano
County since 1948 and served as constable for twelve years. Three of appellant's children also
live in the county. Appellant has no prior criminal record. No evidence was presented regarding
the nature of the charged offenses. From the remarks of counsel for appellant and the State, we
infer that the prosecutions rest on accusations by two of appellant's step-grandchildren, who also
live in Llano County. Appellant testified that if released on bail, he would have no contact with
these or other children.

 Appellant's monthly income, consisting of veteran's benefits and Social Security,
is $644. Appellant owns four lots located on the north side of the city of Llano. Four other
adjoining lots were owned in the name of appellant's wife, who died intestate. Before his arrest,
appellant lived in a mobile home located on one of these lots. Appellant also owns another lot in
Llano which he described as a "full block" on the river. A house is located on this lot, which
appellant claimed as his homestead although he had not lived there for three years. Appellant
testified that in previous years he received unsolicited offers of $50,000 and $36,000 for this lot. 
Appellant owns two vehicles, a car and a pickup truck.

 Appellant had not spoken to a bail bondsman at the time of the hearing, nor had
he inquired into the possibility of borrowing money to pay for bail bonds. One of appellant's
daughters testified that most of the family's ready cash had gone to hire defense counsel, but the
family could raise another $5000 for a bond.

 Having considered the evidence adduced at the hearing in light of the factors
informing the amount of bail, we conclude that the district court has not been shown to have
abused its discretion. The court's orders are affirmed.


Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: May 8, 1996

Do Not Publish



WP="BR1">
Ex Parte: Alvis Woodall, Appellant








FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT


NOS. 4680, 4681, 4682, 4683, 4684, & 4685


HONORABLE CLAYTON E. EVANS, JUDGE PRESIDING







PER CURIAM


 Appellant was arrested after six complaints were filed accusing him of sexual
assault of a child. Bail in each cause was set at $100,000. Appellant filed applications for writ
of habeas corpus asking that bail be reduced to $7500 in each cause. The writs issued and, after
a hearing, the district court ordered that bail be reduced in each cause to $60,000. This appeal
followed.

 The right to release on reasonable bail is guaranteed by the constitution. Tex.
Const. art. I, §§ 11, 13. While bail should be sufficiently high to give reasonable assurance that
the undertaking will be complied with, the power to require bail is not to be used so as to make
it an instrument of oppression. Tex. Code Crim. Proc. Ann. art. 17.15 (West Supp. 1992). 
Among the factors to be considered in setting bail are the nature of the offense and the
circumstances under which it was committed, and the defendant's ability to make bail. Id. 
Consideration may also be given to the defendant's ties to the community. Ex parte Ivey, 594
S.W.2d 98 (Tex. Crim. App. 1980). The ability of the accused to make bail does not of itself
control the amount of bail. Ex parte Gentry, 615 S.W.2d 228 (Tex. Crim. App. 1981). The
burden of proof is on the applicant to prove that bail is excessive. Ex parte Rubac, 611 S.W.2d
848 (Tex. Crim. App. 1981).

 At the time of the hearing, appellant was eighty years old. He has lived in Llano
County since 1948 and served as constable for twelve years. Three of appellant's children also
live in the county. Appellant has no prior criminal record. No evidence was presented regarding
the nature of the charged offenses. From the remarks of counsel for appellant and the State, we
infer that the prosecutions rest on accusations by two of appellant's step-grandchildren, who also
live in Llano County. Appellant testified that if released on bail, he would have no contact with
these or other children.

 Appellant's monthly income, consisting of veteran's benefits and Social Security,
is $644. Appellant owns four lots located on the north side of the city of Llano. Four other
adjoining lots were owned in the name of appellant's wife, who died intestate. Before his arrest,
appellant lived in a mobile home located on one of these lots. Appellant also owns another lot in
Llano which he described as a "full block" on the river. A house is located on this lot, which
appellant claimed as his homestead although he had not lived there for three years. Appellant
testified that in previous years he received unsolicited offers of $50,000 and $36,000 for this lot. 
Appellant owns two vehicles, a car and a pickup truck.

 Appellant had not spoken to a bail bondsman at the time of the hearing, nor had
he inquired i