TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00201-CR







Ex Parte: Gregory Chris Angelo, Appellant







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 47,376, HONORABLE JOE CARROLL, JUDGE PRESIDING






PER CURIAM

Appellant's motion to advance the submission of this cause is granted. This is an appeal
from an order of the district court denying relief on appellant's writ of habeas corpus seeking a reduction
of pretrial bail. Tex. R. App. P. 44. Appellant is incarcerated pending trial on an indictment accusing him
of capital murder. Bail is set at $250,000.00.

The right to release on reasonable bail is guaranteed by the constitution. Tex. Const. art.
I, §§ 11, 13. While bail should be sufficiently high to give reasonable assurance that the undertaking will
be complied with, the power to require bail is not to be used so as to make it an instrument of oppression. 
Tex. Code Crim. Proc. Ann. art. 17.15 (West Supp. 1997). Among the factors to be considered in setting
bail are the nature of the offense and the circumstances under which it was committed, and the defendant's
ability to make bail. Id. Consideration may also be given to the defendant's ties to the community. Ex
parte Ivey, 594 S.W.2d 98 (Tex. Crim. App. 1980). The ability of the accused to make bail does not of
itself control the amount of bail. Ex parte Gentry, 615 S.W.2d 228 (Tex. Crim. App. 1981). The burden
of proof is on the applicant to prove that bail is excessive. Ex parte Rubac, 611 S.W.2d 848 (Tex. Crim.
App. 1981).

Appellant is accused of murdering his wife, who was in the process of obtaining a divorce. 
The fatal wound was a gunshot to the back, but she had also been beaten about the head. There is
evidence that appellant had physically abused his wife in the past and that she had obtained a restraining
order against him. At the time of the alleged offense, appellant was on community supervision following
a conviction for telephone harassment. Appellant also has two previous controlled substance convictions.

Appellant's brother, Gary Angelo, testified that appellant is a nineteen-year resident of Bell
County. Appellant has had numerous criminal problems during that time but, to his brother's knowledge,
has never failed to appear in court. Angelo acknowledged that he could not control appellant.

According to Angelo's testimony, appellant was employed at a produce company at the
time of his arrest. Prior to that employment, appellant had worked as a salesman and had owned his own
restaurant business. Angelo, who has appellant's power of attorney, testified that his brother has a bank
account and a house, both of which are subject to a "freeze." The witness did not detail the nature and
purpose of this freeze or state the value of these assets. Appellant also has a $15,000 certificate of deposit
subject to a $9600 lien. Angelo estimated that appellant has only $5000 to $6000 with which to obtain
a bail bond. There is evidence that a $250,000 bond would cost $50,000. 

Having considered the evidence and remembering that appellant has the burden of proof,
we cannot say that the district court abused its discretion by refusing to reduce bail. The order of the
district court is affirmed.


Before Justices Powers, Jones and Kidd

Affirmed

Filed: June 19, 1997

Do Not Publish



">



NO. 03-97-00201-CR







Ex Parte: Gregory Chris Angelo, Appellant







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 47,376, HONORABLE JOE CARROLL, JUDGE PRESIDING






PER CURIAM

Appellant's motion to advance the submission of this cause is granted. This is an appeal
from an order of the district court denying relief on appellant's writ of habeas corpus seeking a reduction
of pretrial bail. Tex. R. App. P. 44. Appellant is incarcerated pending trial on an indictment accusing him
of capital murder. Bail is set at $250,000.00.

The right to release on reasonable bail is guaranteed by the constitution. Tex. Const. art.
I, §§ 11, 13. While bail should be sufficiently high to give reasonable assurance that the undertaking will
be complied with, the power to require bail is not to be used so as to make it an instrument of oppression. 
Tex. Code Crim. Proc. Ann. art. 17.15 (West Supp. 1997). Among the factors to be considered in setting
bail are the nature of the offense and the circumstances under which it was committed, and the defendant's
ability to make bail. Id. Consideration may also be given to the defendant's ties to the community. Ex
parte Ivey, 594 S.W.2d 98 (Tex. Crim. App. 1980). The ability of the accused to make bail does not of
itself control the amount of bail. Ex parte Gentry, 615 S.W.2d 228 (Tex. Crim. App. 1981). The burden
of proof is on the applicant to prove that bail is excessive. Ex parte Rubac, 611 S.W.2d 848 (Tex. Crim.
App. 1981).

Appellant is accused of murdering his wife, who was in the process of obtaining a divorce. 
The fatal wound was a gunshot to the back, but she had also been beaten about the head. There is
evidence that appellant had physically abused his wife in the past and that she had obtained a restraining
order against him. At the time of the alleged offense, appellant was on community supervision following
a conviction for telephone harassment. Appellant also has two previous controlled substance convictions.

Appellant's brother, Gary Angelo, testified that appellant is a nineteen-year resident of Bell
County. Appellant has had numerous criminal problems during that time but, to his brother's knowledge,
has never failed to appear in court. Angelo acknowledged that he could not control appellant.

According to Angelo's testimony, appellant was employed at a produce company at the
time of his arrest. Prior to that employment, appellant had worked as a salesman and had owned his own
restaurant business. Angelo, who has appellant's power of attorney, testified that his brother has a bank
account and a house, both of which are subject to a "freeze." The witness did not detail the nature and
purpose of this freeze or state the value of these assets. Appellant also has a $15,000 certificate of deposit
subject to a $9600 lien. Angelo estimated that appellant has only $5000 to $6000 with which to obtain
a bail bond. There is evidence that a $250,000 bond would cost $50,000. 

Having considered the evidence and remembering that appellant has the burden of proof,
we cannot say that the district court