**Ex parte Richard DeHart CHARLESWORTH.**

**Ex parte Terrance Edward NIKRASCH.**

**Nos. 64018–64029.**

Court of Criminal Appeals of Texas, Panel No. 3.

June 11, 1980.

Marc H. Richman, Douglas H. Parks, Dallas, for appellants.

Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

## OPINION

ODOM, Judge.

These are appeals from denial of a reduction of bail in several cases pending against petitioners. Each petitioner is charged with one case of possession of a criminal instrument and five cases of burglary. Bail was set at $35,000 in each burglary case and $15,000 in the possession of criminal instruments cases, for a total amount of $190,000 for each petitioner.

Discretion in setting bail should be exercised under the guidelines set out in Art. 17.15, V.A.C.C.P.:

"The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:

"1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

"2. The power to require bail is not to be so used as to make it an instrument of oppression.

"3. The nature of the offense and the circumstances under which it was committed are to be considered.

"4. The ability to make bail is to be regarded, and proof may be taken upon this point."

It has been held that the burden is on the petitioner to show that the bail set is excessive. *Ex parte Vasquez*, Tex.Cr.App., 558 S.W.2d 477, and cases cited there. Although the ability to make bail is a factor to be considered, ability alone, even indigency, does not control the amount of bail. *Ex parte Runo*, Tex.Cr.App., 535 S.W.2d 188; *Ex parte Vasquez*, supra. In considering the nature of the offense, it is appropriate to consider the possible punishment as well. *Ex parte Ivey*, Tex.Cr.App., 594 S.W.2d 98; *Ex parte Runo*, supra. Although the bail should be high enough to give reasonable assurance that the undertaking will be complied with, the amount should not be oppressively high. *Ex parte Ivey*, supra.

The facts regarding petitioners' financial condition shown at the hearing appear somewhat inconsistent. Although both petitioners testified that they had been unemployed for some time, Charlesworth for several years and Nikrasch for several months, they appear to live in a style inconsistent with poverty. In the trunk of their car were clothes of luxury quality in luggage of the same quality. They had several hundred dollars in cash as well as round trip airline tickets from Los Angeles to several other cities and return tickets from Dallas to Los Angeles. Charlesworth testified his wife owned their $118,000 California home, for which he thought she paid 20 percent

down some two years ago. Nikrasch testified his common-law wife made somewhere between $8,000 and $20,000 a year as a gemologist, and that she paid the $900 a month rent on their California home. He also testified that she had won a $65,000 jackpot in Las Vegas a year ago. Charlesworth testified he owned three cars free and clear, including a 1976 Lincoln and a 1977 Mercedes. Nikrasch testified his wife had just sold their 1977 Lincoln.

The record does not reveal much detail about the circumstances of the offenses. When arrested petitioners were in a car that contained many keys to bank safety deposit boxes. A supplemental transcript shows an additional seven burglary indictments against each petitioner. Some of the cases allege burglary of a building while others allege burglaries of safety deposit boxes. Petitioners incorrectly state that any punishment in these cases would have to be imposed to run concurrently under the terms of V.T.C.A., Penal Code Sec. 3.03. That provision applies only if the offenses are prosecuted in a single criminal action after consolidation or joinder under Sec. 3.02 of the code. The dictum in *Johnson v. State*, Tex.Cr.App., 509 S.W.2d 322, indicating that the accused has a right to force joinder is incorrect. *Smith v. State*, Tex.Cr. App., 575 S.W.2d 41; *Caughorn v. State*, Tex.Cr.App., 549 S.W.2d 196. Thus, the potential punishment of 20 years in each burglary case could be cumulated.

In view of the conflicting evidence as to petitioners' financial conditions, the fact that they have no apparent permanent ties with the State of Texas, and the potential punishment that could be assessed, we are unable to say that they have discharged their burden to show the amount of bail set by the trial judge in his discretion is excessive in these cases.

Relief is denied.

CLINTON, Judge, concurring.

Concurring in the result reached I write only to point out that I view the twelve indictments for burglary and one for pos-

session of a criminal instrument pending in Texas against highly mobile residents of California more germane to the "reasonable assurance" part of rule 1, Article 17.15, V.A.C.C.P., than to that part of rule 4 prescribing consideration of the "nature of the offense," which, it is said, embraces "potential punishment." The latter factor not only comes perilously close to implicating the presumption of innocence but also is not as compelling, in my mind at least, as the potential of absconding in the peculiar circumstances presented to us here. Thus, I am unable to say that the trial judge, who saw more and sensed what we cannot from a cold record, abused his discretion.

Accordingly, I concur in the result.