**Elbert Michael HOMAN, Appellant,**

v.

**The STATE of Texas.**

**No. 164–97.**

Court of Criminal Appeals of Texas, En Banc.

March 11, 1998.

William M. House, Jr., Palestine, for appellant.

Mark A. Calhoon, Asst. Dist. Atty., Palestine, Matthew Paul, State's Atty., Austin, for State.

### OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

BAIRD, Judge.

Appellant was charged on July 18, 1996, with capital murder and bond was set at $75,000. Appellant filed a motion seeking to reduce the amount of the bond. On July 25, 1996, at the hearing on the motion, defense counsel attempted to question appellant for the limited purpose of determining his ability to make bond. The State objected, arguing that if appellant testified, he should be subject to unlimited cross-examination, including the facts of the instant case. The trial court agreed. On that basis, appellant did not testify and made a timely bill of exception.

In an accelerated appeal, the Court of Appeals reversed, holding: "[A] defendant may testify in a bail hearing regarding his ability to make bail without subjecting himself to cross-examination on the nature and circumstances of the offense with which he is charged." *Ex parte Homan,* 963 S.W.2d 543, 544 (Tex.App.—Tyler 1996). The State petitioned for discretionary review on January 30, 1997. Review was granted on October 1, 1997. Oral argument was heard on January 28, 1998.

It has come to our attention that on December 11, 1996, appellant was convicted of capital murder and sentenced to confinement for life. Therefore, our October 1, 1997 decision to grant review was improvident. Accordingly, the State's petition for discretionary review is dismissed.