NO. 12-01-00237-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


§
 APPEAL FROM THE THIRD



EX PARTE:
§
 JUDICIAL DISTRICT COURT OF

LIONEL SIMPSON


§
 ANDERSON COUNTY, TEXAS

 

PER CURIAM


 Lionel Simpson ("Appellant") appeals the setting of his bond at $600,000.00. In cause
number 12-00-00357-CR, styled Ex parte Lionel Simpson, we delivered an opinion which held that
a previous $1,000,000.00 bond was excessive. We remanded the matter back to the trial court for
a hearing to reconsider the issue of bail. This appeal is from that hearing. Appellant raises three
issues. We affirm.


Background


 Appellant was indicted, along with others, for capital murder. At the time of the alleged
offense, Appellant was a minor. He was certified as an adult for purposes of trial. He has been in
custody for approximately eighteen months.

 At the original writ of habeas corpus hearing, there was evidence that his family could
possibly raise $3,000.00. Also, there was testimony that he was a life-long resident of Anderson
County and would live with his mother if released on bond. At the hearing that is before us now,
Appellant testified that his financial condition had not changed and that he had no financial
resources. Further, Appellant's counsel advised the trial court, upon request, that his client had
attended school through the ninth grade. The State introduced copies of letters that Appellant had
written in jail to his girlfriends, sisters, and his brother, who previously received the death penalty
for the same offense. The purpose of the evidence was to show that Appellant was a member of a
violent gang, a danger to the community, and a flight risk. Appellant denied any gang membership.

 As noted by the trial court, the letters are incredibly shocking. They portray an individual
with a violent and unrepentant nature. Appellant wrote only of violence, sex, drugs and partying,
and bragged about his bad reputation. A Palestine police officer testified that Appellant admitted
to him that he was a member of a gang in Palestine known as the "Southside Crips," a gang known
for a wide range of violent crimes against the community. 


Applicable Law

 We will review the trial court's decision based on an abuse of discretion standard. Tex.
Code Crim. Proc. Ann. art. 17.15 (Vernon Supp. 2001); Ex parte Milburn, 8 S.W.3d 422, 424
(Tex. App.-Amarillo 1999, no pet.). A trial court abuses its discretion when it either renders an
arbitrary and unreasonable opinion, or acts without reference to any guiding rules and principles.
Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1991). The primary purpose of an
appearance bond is to secure the presence of the defendant in court. See, e.g., Ex parte Rodriguez,
595 S.W.2d 549, 550 (Tex. Crim. App. [Panel Op.] 1980); Ex parte Vasquez, 558 S.W.2d 477, 479
(Tex. Crim. App. 1977); Ex parte Brown, 959 S.W.2d 369, 371 (Tex. App.-Fort Worth 1998, no
pet.). Historically and constitutionally, bail balances the presumption of innocence of the accused
with the compelling interest of the State that the accused appear to answer the accusation against
him. Balboa v. State, 612 S.W.2d 553, 557 (Tex. Crim. App. 1981). Bail should not be so
excessive as to guarantee the defendant's appearance, but only to give a reasonable assurance that
the defendant will appear at trial. See, e.g., Ex parte Ivey, 594 S.W.2d 98, 99 (Tex. Crim. App.
1980); Vasquez, 558 S.W.2d at 479; Brown v. State, 11 S.W.3d 501, 502 (Tex. App.-Houston [14th
Dist.] 2000, no pet.). The person seeking the reduction has the burden of demonstrating the bail set
is excessive. Ex parte Rodriguez, 595 S.W.2d at 550. In determining the amount of bail to set, the
trial court shall be guided by the following rules: (1) bail shall be sufficiently high to give reasonable
assurance the undertaking will be complied with; (2) the power to require bail is not to be so used
as to make it an instrument of oppression; (3) the nature of the offense and the circumstances under
which it was committed are to be considered; (4) the accused's ability to make bail is to be regarded,
and proof may be taken upon this point; and (5) the future safety of the victim of the alleged offense
and the community shall be considered. Tex. Code Crim. Proc. Ann. art. 17.15 (Vernon Supp.
2001); DePena v. State, 56 S.W.3d 926, 927 (Tex. App.-Corpus Christi 2001, no pet.). 
Circumstances to be considered in determining the amount of bail include the accused's work record,
family and community ties, length of residency, prior criminal record, and conformity with the
conditions of any previous bond, as well as the existence of any outstanding bonds and aggravating
circumstances involved in the charged offense. Ex parte Rubac, 611 S.W.2d 848, 849-50 (Tex.
Crim. App. [Panel Op.] 1981). 


Analysis

 Appellant asks this court to reduce his bond to no greater than $40,000, alleging that he has
no assets and his family's financial resources are limited. However, the ability of an accused to post
bond is merely one factor to be considered in determining the appropriate bail. See Ex parte Vance,
608 S.W.2d 681, 683 (Tex. Crim. App. [Panel Op.] 1980); Charlesworth, 600 S.W.2d at 317.
Simply because a defendant cannot meet the bond set by the trial court does not automatically render
the bail excessive. "If the ability to make bond in a specified amount controlled, then the role of the
trial court in setting bond would be completely eliminated, and the accused would be in the unique
posture of determining what his bond should be." Miller v. State, 631 S.W.2d 825, 827 (Tex.
App.-Fort Worth 1982, pet. ref'd). The amount of bail must also be based on the nature of the
offense and the circumstances under which it was committed. See Ex parte Davila, 623 S.W.2d 408,
410 (Tex. Crim. App. [Panel Op.] 1981); Miller, 631 S.W.2d at 827. Furthermore, in considering
the nature of the offense, it is proper to consider the possible punishment. Ex parte Rodriguez, 595
S.W.2d at 550; Charlesworth, 600 S.W.2d at 317.

 In the instant case, the nature of the offense is a brutal, gang-related murder. The
circumstances of the offense as set forth in the indictment and other records before us depict a
violent, unprovoked killing and suggest an appalling lack of concern for human life. If convicted,
Appellant faces life imprisonment. See Tex. Pen. Code Ann. § 12 .31(a) (Vernon 1994). Regarding
Appellant's assertion that the amount of bail in the present case is so high as to make it an instrument
of oppression, we note that this factor may be analyzed by looking at the amount of bond in relation
to bonds set for other crimes. Ex parte Emery, 970 S.W.2d 144, 146 (Tex. App.- Waco 1998, no
pet.). We have reviewed other cases in which similar amount bonds were reduced, but recognize that
in many of these cases, the facts and circumstances surrounding the crime were not developed at the
hearing on the application for writ of habeas corpus. Compare Ludwig v. State, 812 S.W.2d 323,
325 (Tex. Crim. App. 1991) (bond reduced from $1,000,000 to $ 50,000 in capital murder case
where circumstances of the offenses were not developed at habeas hearing); Smithwick v. State, 880
S.W.2d 510, 511 (Tex. App.-San Antonio 1994, no pet.) (bond reduced from $500,000 to $100,000
in case involving murder and injury to a child where facts surrounding the offenses were not
developed at habeas hearing); Ex parte McDonald, 852 S.W.2d 730, 735-36 (Tex. App.-San
Antonio 1993, no pet.) (bond reduced in capital murder case from $1,000,000 to $75,000 where facts
surrounding the offense were not developed at habeas hearing). Here, we have sufficient facts in the
record before us to determine the shocking and extremely violent nature of the offense.

 Also, it appears from the record that the trial court had serious concerns about the future
safety of the community. The evidence submitted by the State shows that Appellant is a member of
the "Southside Crips" gang, which is still active. Appellant's letters indicate, if released on bond,
there was a likelihood of his returning to the activities of the gang or fleeing the jurisdiction of the
court. Also, as noted above, he faces life in prison (since he was certified as an adult, the death
penalty is not available to the State) if convicted. Under the circumstances of this case, the trial court
did not abuse its discretion in setting the bond at $600,000.00. Although the bail amount is high,
Appellant has failed to demonstrate that the bail set is excessive. Appellant's first issue is overruled. 

 Secondly, Appellant complains that the trial court imposed an unconstitutional requirement
to his bond. Appellant cites no authority for this issue. Tex. R. App. P. 38.1(b) Appellant's second
issue is overruled.

 In his third issue, Appellant contends that the trial court erred by allowing the State to cross-
examine Appellant during the bond hearing. He cites Ex parte Homan, 963 S.W.2d 543, 544 (Tex.
App.-Tyler 1996), pet. dism'd, improvidently granted, 962 S.W.2d 599, 600 (Tex. Crim. App.
1998). In Ex parte Homan, this court held that a defendant may testify as to his ability to make bail
without subjecting himself to cross-examination on the nature and circumstances of the offense with
which he is charged. This court further held that a defendant is not immune from cross-examination
on other issues he injects into the hearing.

 When asked if he was a member of the Southside Crips, Appellant denied it before his
counsel could object. The State then introduced letters which Appellant wrote to his brother ( who
received the death penalty for the same offense with which Appellant is charged), girlfriends and
sisters that reveal he was a member of the Southside Crips. The letters also indicate that Appellant
would pose a danger to the community and be a flight risk if released. 

 Since Appellant answered the question before his counsel could object, there was no error
by the trial court in allowing the State to introduce evidence of gang membership. Further, since the
letters were properly introduced, the trial court could consider those matters in the letters pertaining
to flight risk and community safety. Appellant's third issue is overruled.

 The order of the trial court setting bond at $600,00.00 is affirmed.



Opinion delivered April 30, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.

















 



(PUBLISH)