Opinion filed August 9, 2007















 
 
  
 
 







 
 
  
 
 




Opinion filed August 9, 2007

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00057-CR

                                                    __________

 

                                     DWAYNE BILLINGS, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 161st District Court

 

                                                           Ector County, Texas

 

                                                 Trial
Court Cause No. W3302-B

 



 

                                                                   O
P I N I O N

Dwayne
Billings has been charged with aggravated sexual assault of a child.  The trial court set bail at $500,000.  Appellant filed a petition for writ of habeas
corpus seeking a reduction in the amount of his bail.  After a hearing, the trial court entered an
order denying appellant habeas relief. In a single issue on appeal, appellant
asserts that the trial court erred in denying him habeas relief. We affirm.








Appellant
contends that the amount of his bail is excessive and, therefore, in violation
of Tex. Const. art. I, ' 13 and Tex.
Code Crim. Proc. Ann. arts. 1.07, 1.09 (Vernon 2005).  In the trial court, appellant=s counsel requested appellant=s release from jail on a personal
recognizance bond.  On appeal, appellant
requests this court to reduce the amount of bail to $25,000.

A>Bail= is the security given by the accused that
he will appear and answer before the proper court the accusation brought
against him, and includes a bail bond or a personal bond.@  Tex. Code Crim. Proc. Ann. art. 17.01
(Vernon 2005).  Article 17.15 provides
that the amount of bail:

[I]s to be regulated by the court, judge,
magistrate or officer taking the bail; they are to be governed in the exercise
of this discretion by the Constitution and by the following rules:

 

1.  The bail shall be sufficiently high to give
reasonable assurance that the undertaking will be complied with.

 

2.  The power to require bail is not to be so
used as to make it an instrument of oppression.

 

3.  The nature of the offense and the circumstances
under which it was committed are to be considered.

 

4.  The ability to make bail is to be regarded,
and proof may be taken upon this point.

 

5.  The future safety of a victim of the alleged
offense and the community shall be considered.               

 

Tex.
Code Crim. Proc. Ann. art.
17.15 (Vernon 2005).  The ability to make
bond is one of the many factors to be considered; however, it does not control
the amount of bail and will not automatically render an amount excessive.  Ex parte Charlesworth, 600 S.W.2d 316,
317 (Tex. Crim. App. 1980); Ex parte Branch, 553 S.W.2d 380, 382 (Tex.
Crim. App. 1977); Clemons v. State, 220 S.W.3d 176, 178 (Tex. App.CEastland 2007, no pet.).  If the ability to make bond in a specified
amount controlled, then the role of the trial court in setting bond would be
eliminated, and the accused would be in a position to determine what his bail
should be.  Ex parte Hunt, 138
S.W.3d 503, 506 (Tex. App.CFort Worth 2004, pet. ref=d); Ex parte Miller, 631
S.W.2d 825, 827 (Tex. App.CFort
Worth 1982, pet. ref=d).








In addition to the rules listed in Article 17.15,
the following factors may also be considered: possible punishment, the accused=s work record, his ties to the
community, the length of his residency, his prior criminal record, his
conformity with any prior bail bond conditions, his ability or inability to
make a bail bond, and the existence of any outstanding bail bonds.  Ex parte Charlesworth, 600 S.W.2d at
317; Ex parte Ivey, 594 S.W.2d 98, 99 (Tex. Crim. App. 1980); Ex
parte Vasquez, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977); Clemons,
220 S.W.3d at 178; Ex parte Hunt, 138 S.W.3d at 506; Ex parte Simpson,
77 S.W.3d 894, 896-97 (Tex. App.CTyler
2002, no pet.); DePena v. State, 56 S.W.3d 926, 928-29 (Tex. App.CCorpus Christi 2001, no pet.); Brown
v. State, 11 S.W.3d 501, 503 (Tex. App.CHouston
[14th Dist.] 2000, no pet.); see also Ex parte Rubac, 611 S.W.2d 848,
849 (Tex. Crim. App. 1981).  The primary
purpose of the bail bond is to secure the accused=s
presence in court.  Ex parte Vasquez,
558 S.W.2d at 479.  The accused has the
burden to prove that bail is excessive.  Id.

We review the trial court=s
ruling on a request to reduce bail under an abuse of discretion standard.  See Ex parte Rubac, 611 S.W.2d at 850;
Clemons, 220 S.W.2d at 178; see also Article 17.15 (giving trial
court discretion to set amount of bail). 
As such, we will not disturb the trial court=s
ruling if it was within the zone of reasonable disagreement.  Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991).








At the hearing on appellant=s
petition for writ of habeas corpus, the trial court allowed the parties to
present evidence through proffers of evidence as opposed to calling witnesses
to testify.  Appellant=s counsel stated the following in his
proffer of evidence: that appellant was born in Odessa in 1985; that appellant
spent a majority of his childhood and adult years living in Ector County,
Texas; that appellant moved away from Ector County for a period of time when he
was sent to the Texas Youth Commission; that appellant graduated from the
twelfth grade; that appellant had several family members, including his mother,
who lived in Ector County; that appellant would live with his mother if he
could make a bond in this matter; that appellant has diminished mental
capacity; that appellant had been employed in the past and would seek
employment if the trial court lowered the bond to an amount where appellant
could bond out of jail; that appellant did not own any real estate or a
vehicle; that appellant had no bank accounts, savings accounts, or certificates
of deposit; that appellant had no retirement funds that he could use to raise a
bond; that appellant did not own any furniture; that appellant did not own
tools or jewelry that he could sell to raise money for a bond; that nobody owed
appellant money; that appellant did not have the financial ability to make a
bond; and that appellant=s
family and friends did not have the financial ability to help appellant post a
cash bond or pay a surety to make a bond.

The prosecutor did not dispute the facts stated in
appellant=s proffer
of evidence.  However, the prosecutor
requested the court to consider the nature of the charged offense and the
future safety of the victim of the offense and of the community.  The prosecutor stated the following in his
proffer of evidence:  that, at the time
of the hearing, appellant was a registered sex offender; that, on June 27,
2006, appellant had pleaded guilty for failure to comply with the sex offender
registration requirements and that, therefore, appellant had been a sex
offender who had failed to meet the registration requirements; and that
appellant had been hanging around Blackshear Elementary School in November
2005.  The prosecutor made the following
proffer with respect to the facts involved in the charged offense: that appellant
had picked up a nine-year-old autistic girl a block away from where the girl
had run away from her guardian; that appellant had walked the girl five miles
to the 3600 block of 16th Street, where they got a ride to 16th Street and
Neptune; that, at that time, the police and members of the community were
looking for the girl; that appellant twice attempted to hide the girl from
police or people who were searching for her; that appellant took the girl to
his house; that appellant began to sexually assault the girl; that the girl
resisted; that appellant tied the girl down with stereo wire and duct taped her
mouth; and that appellant proceeded to sexually assault the girl.

In denying appellant=s
request for a reduced bond, the trial court relied on the evidence (1) that
appellant was a registered sex offender, (2) that appellant had failed to
register when he was required to register as a sex offender, and (3) that
appellant had taken the nine-year-old child and held her overnight.  The trial court concluded that appellant=s bond would remain at the amount of
$500,000 for the safety of the child and of the community.

Appellant is charged with aggravated sexual
assault of the nine-year-old girl. 
Aggravated sexual assault of a child is a first degree felony punishable
by imprisonment for life or for a term of five to ninety-nine years.  Tex.
Penal Code Ann. ' 12.32 (Vernon 2003), ' 22.021(e) (Vernon Supp. 2006).  Thus, the potential exists for a very lengthy
sentence.








Appellant showed that he could not afford the bond
set by the trial court.  However, based
on the evidence, the trial court could have reasonably concluded that, if
released on bond, appellant would pose a serious risk to the future safety of
the alleged victim and of the community. 
The evidence established that, at the time of the hearing, appellant was
a registered sex offender.  The evidence
also showed that, in 2006, appellant pleaded guilty for failing to comply with
sex offender registration requirements. 
Thus, appellant had ignored the registration requirements.  The State also presented evidence that
appellant had been hanging around an elementary school in 2005.  The evidence also demonstrated the serious
nature of the charged offense and the egregious facts alleged to have been
involved in the commission of the charged offense.  We hold that the trial court did not abuse
its discretion in denying appellant a bond reduction in light of the serious
nature of the alleged crime, the egregious facts alleged to have been involved
in the charged offense, and the future safety of the alleged victim and of the
community.  Appellant has not shown that
his bail is excessive.  Therefore, we
overrule appellant=s issue.

We affirm the order of the trial court.

 

PER CURIAM

 

August 9, 2007

Do not publish. See Tex.
R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.