**Opinion filed August 6, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00135-CR

_____

## BILLY WAYNE HAYNES, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. W-3642-B**

### M E M O R A N D U M   O P I N I O N

This is an appeal pursuant to TEX. R. APP. P. 31 from the denial of an application for writ of habeas corpus seeking a bond reduction. We affirm.

In his application filed on February 2, 2009, Billy Wayne Haynes contended that he was illegally confined, that the State was not ready for trial because an indictment had not yet been filed,

and that TEX. CODE CRIM. PROC. ANN. art. 17.151 (Vernon Supp. 2008)[1] mandated that either he be released or his bond be reduced. On appeal, appellant complains that the trial court erred by failing to set a personal recognizance bond.

The record reflects that appellant was arrested on October 24, 2008. On February 10, 2009, appellant was indicted for the murder of Rey Valdez, for engaging in criminal activity with the street gang Aryan Circle to commit murder, and for engaging in criminal activity with the street gang Aryan Circle to commit assault on Dwain Barina and Tracey Roupp. All four offenses were alleged to have occurred on October 9. 2008. A hearing on appellant's application was held on March 23, 2009.

At the hearing, appellant testified that he did not own a vehicle that he could sell, that he did not own any stocks or bonds, and that he did not have a savings account. He stated that he did not have "any other holds" on him other than his confinement in the Ector County Jail for the alleged

---

[1] Article 17.151 states:

Sec. 1. A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within:

(1) 90 days from the commencement of his detention if he is accused of a felony;
(2) 30 days from the commencement of his detention if he is accused of a misdemeanor punishable by a sentence of imprisonment in jail for more than 180 days;
(3) 15 days from the commencement of his detention if he is accused of a misdemeanor punishable by a sentence of imprisonment for 180 days or less; or
(4) five days from the commencement of his detention if he is accused of a misdemeanor punishable by a fine only.

Sec. 2. The provisions of this article do not apply to a defendant who is:

(1) serving a sentence of imprisonment for another offense while the defendant is serving that sentence;
(2) being detained pending trial of another accusation against the defendant as to which the applicable period has not yet elapsed;
(3) incompetent to stand trial, during the period of the defendant's incompetence; or
(4) being detained for a violation of the conditions of a previous release related to the safety of a victim of the alleged offense or to the safety of the community under this article.

2

October 9 offenses. Appellant stated that he had made no effort to raise "any amount of money toward [his] bond of $500,000." He further testified that he thought he would be getting an income tax refund of $2,500. With that refund, appellant testified that he "might be able to make a $50,000 bond."

On cross-examination, appellant denied that he was the president of the Aryan Circle.

It is undisputed that appellant was incarcerated more than ninety days before an indictment was returned. The State explained that the delay was due to the fact that the case was filed on December 29, 2008, and that a grand jury was not called in Ector County until the week of January 26, 2009, because of the holidays, the Presidential Inauguration, and Martin Luther King Day. A total of seven people were involved in these offenses, and the district attorney exercised his discretion to not present these complex cases at the first meeting of the grand jury. Instead, he opted to make the four- to five-hour presentation at the February 10 meeting.

David Wayne Callaway testified at the hearing that he was with appellant on the night of the offenses. Callaway stated that he saw appellant fire a gun in the direction of a house and that he later learned that someone had been killed as a result. Callaway said that appellant was the only person he saw fire a gun. Callaway stated that on October 26, 2008, he informed the police what had happened. Since then, Callaway said that he had received threats from appellant. Appellant had told him that he was a "dead man walking," that he had a "bullet with [Callaway's] name on it," and not to "send cheese to a rat." Callaway testified that his family had received threats and that he was concerned for their safety.

Kevin Rance Jackson testified that he saw appellant fire a gun toward the house. Afterwards, appellant told Jackson that he thought "he had got one."

The State admitted into evidence a pen packet containing appellant's prior convictions for sexual assault of a child, burglary of a habitation, and possession of a deadly weapon in a penal institution.

The trial court heard counsel's closing arguments and denied the application.

We review the trial court's ruling under an abuse of discretion standard. *See Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim App. 1981); *Clemons v. State*, 220 S.W.3d 176, 178 (Tex. App.—Eastland 2007, no pet.); *see also* TEX. CODE CRIM. PROC. ANN. art. 17.15 (Vernon 2005)

3

(giving trial court discretion to set amount of bail). As such, we will not disturb the trial court's ruling if it was within the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991).

Article 17.151 is permissive. It allows the trial court to release the accused if certain conditions are met. However, Article 17.151 does not absolutely "mandate" such a release. After reviewing the record, we find that the trial court did not abuse its discretion by denying appellant's request that he be released pursuant to Article 17.151.

"'Bail' is the security given by the accused that he will appear and answer before the proper court the accusation brought against him, and includes a bail bond or a personal bond." TEX. CODE CRIM. PROC. ANN. art. 17.01 (Vernon 2005). Article 17.15 provides that the amount of bail:

> [I]s to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:
>
> 1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.
>
> 2. The power to require bail is not to be so used as to make it an instrument of oppression.
>
> 3. The nature of the offense and the circumstances under which it was committed are to be considered.
>
> 4. The ability to make bail is to be regarded, and proof may be taken upon this point.
>
> 5. The future safety of a victim of the alleged offense and the community shall be considered.

The ability to make bond is one of the many factors to be considered; however, it does not control the amount of bail and will not automatically render an amount excessive. *Ex parte Charlesworth*, 600 S.W.2d 316, 317 (Tex. Crim. App. 1980); *Ex parte Branch*, 553 S.W.2d 380, 382 (Tex. Crim. App. 1977); *Clemons*, 220 S.W.3d at 178. If the ability to make bond in a specified amount controlled, then the role of the trial court in setting bond would be eliminated, and the accused would be in a position to determine what his bail should be. *Ex parte Hunt*, 138 S.W.3d 503, 506 (Tex.

App.—Fort Worth 2004, pet. ref'd); *Ex parte Miller*, 631 S.W.2d 825, 827 (Tex. App.—Fort Worth 1982, pet. ref'd).

In addition to the rules listed in Article 17.15, the following factors may also be considered: possible punishment, the accused's work record, his ties to the community, the length of his residency, his prior criminal record, his conformity with any prior bail bond conditions, his ability or inability to make a bail bond, and the existence of any outstanding bail bonds. *Ex parte Charlesworth*, 600 S.W.2d at 317; *Ex parte Ivey*, 594 S.W.2d 98, 99 (Tex. Crim. App. 1980); *Ex parte Vasquez*, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977); *Clemons*, 220 S.W.3d at 178; *Ex parte Hunt*, 138 S.W.3d at 506; *Ex parte Simpson*, 77 S.W.3d 894, 896-97 (Tex. App.—Tyler 2002, no pet.); *DePena v. State*, 56 S.W.3d 926, 928-29 (Tex. App.—Corpus Christi 2001, no pet.); *Brown v. State*, 11 S.W.3d 501, 503 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *see also Ex parte Rubac*, 611 S.W.2d at 849. The primary purpose of the bail bond is to secure the accused's presence in court. *Ex parte Vasquez*, 558 S.W.2d at 479. The accused has the burden to prove that bail is excessive. *Id.*

After reviewing the record before this court, we find that the trial court did not abuse its discretion in denying appellant's request to be released on a $50,000 bond. The nature of the offenses, appellant's criminal record, and the testimony at the hearing support the trial court's action. Appellant's contentions on appeal are overruled.

The order of the trial court is affirmed.


PER CURIAM


August 6, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.