Opinion filed August 6, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed August 6, 2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-09-00135-CR

                                 __________

 

                                  BILLY WAYNE HAYNES, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 161st District Court

 

                                                           Ector
County, Texas

 

                                                Trial
Court Cause No. W-3642-B

 



 

                                             M
E M O R A N D U M    O P I N I O N

This
is an appeal pursuant to Tex. R. App. P.
31 from the denial of an application for writ of habeas corpus seeking a bond
reduction.  We affirm.








In
his application filed on February 2, 2009, Billy Wayne Haynes contended that he
was illegally confined, that the State was not ready for trial because an
indictment had not yet been filed, and that Tex.
Code Crim. Proc. Ann. art. 17.151 (Vernon Supp. 2008)[1]
mandated that either he be released or his bond be reduced.  On appeal,
appellant complains that the trial court erred by failing to set a personal
recognizance bond.

The
record reflects that appellant was arrested on October 24, 2008.  On February
10, 2009, appellant was indicted for the murder of Rey Valdez, for engaging in
criminal activity with the street gang Aryan Circle to commit murder, and for
engaging in criminal activity with the street gang Aryan Circle to commit
assault on Dwain Barina and Tracey Roupp.  All four offenses were alleged to
have occurred on October 9. 2008.  A hearing on appellant=s application was held on March
23, 2009.








At
the hearing, appellant testified that he did not own a vehicle that he could
sell, that he did not own any stocks or bonds, and that he did not have a
savings account.  He stated that he did not have Aany
other holds@ on him
other than his confinement in the Ector County Jail for the alleged October 9
offenses.  Appellant stated that he had made no effort to raise Aany amount of money toward
[his] bond of $500,000.@ 
He further testified that he thought he would be getting an income tax refund
of $2,500.  With that refund, appellant testified that he Amight be able to make a
$50,000 bond.@

On
cross-examination, appellant denied that he was the president of the Aryan
Circle.

It
is undisputed that appellant was incarcerated more than ninety days before an
indictment was returned.  The State explained that the delay was due to the
fact that the case was filed on December 29, 2008, and that a grand jury was
not called in Ector County until the week of January 26, 2009, because of
the holidays, the Presidential Inauguration, and Martin Luther King Day.  A
total of seven people were involved in these offenses, and the district
attorney exercised his discretion to not present these complex cases at the
first meeting of the grand jury.  Instead, he opted to make the four- to
five-hour presentation at the February 10 meeting.

David
Wayne Callaway testified at the hearing that he was with appellant on the night
of the offenses.  Callaway stated that he saw appellant fire a gun in the
direction of a house and that he later learned that someone had been killed as
a result.  Callaway said that appellant was the only person he saw fire a gun. 
Callaway stated that on October 26, 2008, he informed the police what had
happened.  Since then, Callaway said that he had received threats from
appellant.  Appellant had told him that he was a Adead
man walking,@ that he
had a Abullet with
[Callaway=s] name on
it,@ and not to Asend cheese to a rat.@  Callaway testified that
his family had received threats and that he was concerned for their safety.

Kevin
Rance Jackson testified that he saw appellant fire a gun toward the house. 
Afterwards, appellant told Jackson that he thought Ahe had got one.@

The
State admitted into evidence a pen packet containing appellant=s prior convictions for 
sexual assault of a child, burglary of a habitation, and possession of a deadly
weapon in a penal institution.

The
trial court heard counsel=s
closing arguments and denied the application.








We
review the trial court=s
ruling under an abuse of discretion standard.  See Ex parte Rubac, 611
S.W.2d 848, 850 (Tex. Crim App. 1981); Clemons v. State, 220 S.W.3d 176,
178 (Tex. App.CEastland
2007, no pet.); see also Tex.
Code Crim. Proc. Ann. art. 17.15 (Vernon 2005) (giving trial court
discretion to set amount of bail).  As such, we will not disturb the trial
court=s ruling if it
was within the zone of reasonable disagreement.  Montgomery v. State,
810 S.W.2d 372, 391 (Tex. Crim. App. 1991).

Article
17.151 is permissive.  It allows the trial court to release the accused if
certain conditions are met.  However, Article 17.151 does not absolutely Amandate@ such a release.  After
reviewing the record, we find that the trial court did not abuse its discretion
by denying appellant=s
request that he be released pursuant to Article 17.151.

A>Bail=
is the security given by the accused that he will appear and answer before the
proper court the accusation brought against him, and includes a bail bond or a
personal bond.@  Tex. Code Crim. Proc. Ann. art. 17.01
(Vernon 2005).  Article 17.15 provides that the amount of bail:

[I]s to be regulated
by the court, judge, magistrate or officer taking the bail; they are to be
governed in the exercise of this discretion by the Constitution and by the
following rules:

 

1. 
The bail shall be sufficiently high to give reasonable assurance that the
undertaking will be complied with.

 

2. 
The power to require bail is not to be so used as to make it an instrument of
oppression.

 

3. 
The nature of the offense and the circumstances under which it was committed
are to be considered.

 

4. 
The ability to make bail is to be regarded, and proof may be taken upon this
point.

 

5. 
The future safety of a victim of the alleged offense and the community shall be
considered.  

 








The ability to
make bond is one of the many factors to be considered; however, it does not
control the amount of bail and will not automatically render an amount
excessive.  Ex parte Charlesworth, 600 S.W.2d 316, 317 (Tex. Crim. App.
1980); Ex parte Branch, 553 S.W.2d 380, 382 (Tex. Crim. App. 1977); Clemons,
220 S.W.3d at 178.  If the ability to make bond in a specified amount
controlled, then the role of the trial court in setting bond would be
eliminated, and the accused would be in a position to determine what his bail
should be.  Ex parte Hunt, 138 S.W.3d 503, 506 (Tex. App.CFort Worth 2004, pet. ref=d); Ex parte Miller,
631 S.W.2d 825, 827 (Tex. App.CFort
Worth 1982, pet. ref=d).

In
addition to the rules listed in Article 17.15, the following factors may also
be considered: possible punishment, the accused=s
work record, his ties to the community, the length of his residency, his prior
criminal record, his conformity with any prior bail bond conditions, his
ability or inability to make a bail bond, and the existence of any outstanding
bail bonds.  Ex parte Charlesworth, 600 S.W.2d at 317; Ex parte Ivey,
594 S.W.2d 98, 99 (Tex. Crim. App. 1980); Ex parte Vasquez, 558
S.W.2d 477, 479 (Tex. Crim. App. 1977); Clemons, 220 S.W.3d at 178; Ex parte
Hunt, 138 S.W.3d at 506; Ex parte Simpson, 77 S.W.3d 894, 896-97
(Tex. App.CTyler 2002,
no pet.); DePena v. State, 56 S.W.3d 926, 928-29 (Tex. App.CCorpus Christi 2001, no
pet.); Brown v. State, 11 S.W.3d 501, 503 (Tex. App.CHouston [14th Dist.] 2000,
no pet.); see also Ex parte Rubac, 611 S.W.2d at 849.  The primary
purpose of the bail bond is to secure the accused=s
presence in court.  Ex parte Vasquez, 558 S.W.2d at 479.  The accused
has the burden to prove that bail is excessive.  Id.

After reviewing the record before this court, we
find that the trial court did not abuse its discretion in denying appellant=s request to be released on a $50,000 bond.  The nature of the
offenses, appellant=s criminal record, and the testimony at the hearing
support the trial court=s action.  Appellant=s contentions
on appeal are overruled.

The order of the trial court is affirmed.

 

 

PER CURIAM

 

August 6, 2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Article 17.151 states:

 

Sec. 1. A defendant who is detained in jail pending
trial of an accusation against him must be released either on personal bond or
by reducing the amount of bail required, if the state is not ready for trial of
the criminal action for which he is being detained within:

 

(1) 90 days from the commencement of his detention if
he is accused of a felony;

(2) 30 days from the commencement of his detention if
he is accused of a misdemeanor punishable by a sentence of imprisonment in jail
for more than 180 days;

(3) 15 days from the commencement of his detention if
he is accused of a misdemeanor punishable by a sentence of imprisonment for 180
days or less; or

(4) five days from the commencement of his detention if
he is accused of a misdemeanor punishable by a fine only.

 

Sec. 2. The provisions of this article do not apply to
a defendant who is:

 

(1) serving a sentence of imprisonment for another
offense while the defendant is serving that sentence;

(2) being detained pending trial of another accusation
against the defendant as to which the applicable period has not yet elapsed;

(3) incompetent to stand trial, during the period of
the defendant=s incompetence;  or

(4) being detained for a violation of the conditions of
a previous release related to the safety of a victim of the alleged offense or
to the safety of the community under this article.