Opinion filed September 9,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00126-CR

                                                    __________

 

                            JUAN
DAMAS RODRIGUEZ, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 106th District Court

 

                                                            Gaines
County, Texas

 

                                                Trial
Court Cause No. 10-03-15982

 



 

                                           M
E M O R A N D U M     O P I N I O N

            This
is an appeal pursuant to Tex. R. App. P.
31 from the trial court’s order denying a motion to reduce pretrial bond.  We
affirm.

            Juan
Damas Rodriguez is charged with the aggravated sexual assault of and indecency
with his girlfriend’s eleven-year-old granddaughter.  Bail bond was set at
$250,000.  Appellant requested that the trial court reduce his bond to $10,000.

“‘Bail’
is the security given by the accused that he will appear and answer before the
proper court the accusation brought against him, and includes a bail bond or a
personal bond.” Tex. Code Crim. Proc.
Ann. art. 17.01 (Vernon 2005).  Article 17.15 provides that the amount
of bail:

[I]s to be regulated
by the court, judge, magistrate or officer taking the bail; they are to be
governed in the exercise of this discretion by the Constitution and by the
following rules:

 

1. 
The bail shall be sufficiently high to give reasonable assurance that the
undertaking will be complied with.

 

2. 
The power to require bail is not to be so used as to make it an instrument of
oppression.

 

3. 
The nature of the offense and the circumstances under which it was committed
are to be considered.

 

4. 
The ability to make bail is to be regarded, and proof may be taken upon this
point.

 

5. 
The future safety of a victim of the alleged offense and the community shall be
considered.               

 

Tex. Code Crim. Proc. Ann. art. 17.15
(Vernon 2005).  The ability to make bond is one of the many factors to be
considered; however, it does not control the amount of bail and will not
automatically render an amount excessive.  Ex parte Charlesworth, 600
S.W.2d 316, 317 (Tex. Crim. App. 1980); Ex parte Branch, 553 S.W.2d 380,
382 (Tex. Crim. App. 1977); Clemons v. State, 220 S.W.3d 176, 178 (Tex.
App.—Eastland 2007, no pet.).  If the ability to make bond in a specified
amount controlled, then the role of the trial court in setting bond would be
eliminated, and the accused would be in a position to determine what his bail
should be.  Ex parte Hunt, 138 S.W.3d 503, 506 (Tex. App.—Fort Worth
2004, pet. ref’d); Ex parte Miller, 631 S.W.2d 825, 827 (Tex. App.—Fort
Worth 1982, pet. ref’d).

In
addition to the rules listed in Article 17.15, the following factors may also
be considered: possible punishment, the accused’s work record, his ties to the
community, the length of his residency, his prior criminal record, his
conformity with any prior bail bond conditions, his ability or inability to
make a bail bond, and the existence of any outstanding bail bonds.  Ex parte
Charlesworth, 600 S.W.2d at 317; Ex parte Ivey, 594 S.W.2d 98, 99
(Tex. Crim. App. 1980); Ex parte Vasquez, 558 S.W.2d 477, 479 (Tex.
Crim. App. 1977); Clemons, 220 S.W.3d at 178; Ex parte Hunt, 138
S.W.3d at 506; Ex parte Simpson, 77 S.W.3d 894, 896-97 (Tex. App.—Tyler
2002, no pet.); DePena v. State, 56 S.W.3d 926, 928-29 (Tex. App.—Corpus
Christi 2001, no pet.); Brown v. State, 11 S.W.3d 501, 503 (Tex. App.—Houston
[14th Dist.] 2000, no pet.); see also Ex parte Rubac, 611 S.W.2d 848,
849 (Tex. Crim. App. 1981).  The primary purpose of the bail bond is to secure
the accused’s presence in court.  Ex parte Vasquez, 558 S.W.2d at 479. 
The accused has the burden to prove that bail is excessive.  Id.

We
review the trial court’s ruling on a request to reduce bail under an abuse of
discretion standard.  See Ex parte Rubac, 611 S.W.2d at 850; Clemons,
220 S.W.3d at 178; see also Article 17.15 (giving trial court
discretion to set amount of bail).  As such, we will not disturb the trial
court’s ruling if it was within the zone of reasonable disagreement.  Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991).  Rule 31.2 provides that
the sole purpose of an appeal in this situation is “to do substantial justice
to the parties.”

            Bacilia
Rodriguez testified that she was appellant’s mother.  Bacilia stated that
appellant was fifty-seven years old and had his own residence.  She identified
pictures of the farm where appellant lived by himself.  She stated that appellant
had not been convicted of a felony and had no money.  Bacilia stated that she
had borrowed $6,000 against her pickup to hire an attorney.

            On
cross-examination, Bacilia testified that she owned her home but did not know
how much it was worth.  She also testified that appellant had a bank account. 
She stated that appellant had worked for Haliburton for six years, but she did
not know how much money he had made.  She wanted “to pay and get him out so he
can go to work.”  Bacilia planned to borrow the money for his bail.

            Andrea
Sifuentes testified that she was appellant’s sister.  Andrea stated she knew
appellant was purchasing the 150-acre farm he was living on because she had
helped him complete the paperwork.  Appellant paid $1,438 a month for his
farm.  He was also making payments on a vehicle.  He had leased ninety acres
out for $9,000 a year.  Appellant was a United States citizen.  Andrea did not
know how much appellant made when he worked for Haliburton.  She had talked to
three bonding companies and understood that each company would require the
family to pay ten percent of the bond.  Andrea believed that the family could
raise $1,000 or $2,000 at the most.

            Gaines
County Deputy Sheriff Gene Berry testified that he investigated the case.  Appellant’s
girlfriend had custody of her eleven-year-old granddaughter, and the two of
them lived with appellant.  The allegations involved the penetration of the
child’s sexual organ by appellant’s hands.  When Deputy Berry went to
appellant’s residence, appellant told the deputy that he wanted to speak to his
lawyer first and that he would come in the next day to give a statement. 
Deputy Berry testified that appellant never did come in.

            The
record does not support the contention that the trial court abused its
discretion.  The trial court stated at the close of the hearing that, given the
nature of the offense and considering the future safety of both the child and the
community, a bond of $10,000 to $20,000 was not reasonable.  

            The
order of the trial court is affirmed.

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

September 9,
2010

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.