**Ex parte Elbert Michael HOMAN.**

No. 12–96–00230–CR.

Court of Appeals of Texas,
Tyler.

Dec. 30, 1996.

Discretionary Review Granted Oct. 1, 1997.

William M. House, Jr., Palestine, for relator.

Jeffrey Harrington, Palestine, for State.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

HOLCOMB, Justice.

This is an accelerated appeal of an order denying an application for writ of *habeas corpus* seeking a reduction in bail. In a single point of error, Appellant claims that the trial court erred in overruling his request to testify concerning the issue of his ability to make bail without subjecting himself to cross-examination as to other issues pursuant to Texas Rule of Criminal Evidence 104(d). We will **reverse and remand.**

Appellant filed an application for writ of *habeas corpus* in the trial court seeking a reduction in bail. At the time of his evidentiary hearing, Appellant had been indicted for capital murder and his bail was set at $75,000. At the hearing, Appellant's counsel attempted to call Appellant as a witness for the limited purpose of testifying about his circumstances and ability to make bail. The State objected to Appellant's testimony for this limited purpose, and took the position that if Appellant testified at all, he was subject to cross-examination on the circumstances of the offense. The trial court sustained the objection, but granted Appellant leave to make a bill of exception. Appellant's bill reflected that he was 25 years old, had resided in Anderson County for 12 years, was employed at the Wal–Mart warehouse, had no bank accounts, money or property, was living with his mother, did not own an automobile, never failed to appear at any court proceedings, could not make a $75,000 bond, and if released on bond, would reside with his mother in Anderson County, Texas. At the end of the evidentiary hearing, the court refused to reduce bail.[1]

In his sole point of error, Appellant contends that the trial court erred in refusing his request to testify on the limited matter of his ability to make bail without subjecting himself to cross-examination on the circumstances of the offense with which he was charged. Appellant argues that Rule 104(d) of the Texas Rules of Criminal Evidence is controlling. This rule provides:

(d) Testimony by accused out of the hearing of the jury. The accused does not, by

---

1. On appeal, Appellant has not contested the issue of the possible excessiveness of the bail, and we have issued this opinion only on the issue of whether Rule 104(d) of the Texas Rules of Criminal Evidence applies in a bail hearing.

testifying upon a preliminary matter out of the hearing of the jury, subject himself to cross-examination as to other issues in the case.

TEX.R.CRIM. EVID. 104(d). However, the State contends that the nature of the offense and the circumstances under which it was committed are not "other issues" as contemplated under Rule 104. Rather, the State argues that by testifying about his ability to make bail, Appellant subjects himself to cross-examination on all bail factors specifically enumerated in article 17.15 of the Code of Criminal Procedure, including the "nature of the offense and the circumstances under which it was committed." TEX.CODE CRIM. PROC. ANN. art. 17.15(3) (Vernon 1977 & Supp.1996). Neither Appellant nor the State cites any Texas authority on this point, nor have we found any.

In oral argument, Appellant asked this Court to apply the reasoning in *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), to the facts of this case. In relevant part, the *Simmons* Court held that when an accused testifies in support of a motion to suppress evidence on Fourth Amendment grounds, his testimony may not thereafter be admitted against him at trial on the issue of guilt. *Simmons*, 390 U.S. at 394, 88 S.Ct. at 976. The Court did not require the accused to elect between his Fourth Amendment claim and his Fifth Amendment privilege against self-incrimination. *Id.* By analogy, Appellant requests that this Court hold that an accused does not forfeit his Fifth Amendment right to remain silent on the nature or circumstances of the offense in order to safeguard his Eighth Amendment right to reasonable bail.

We have found one case from our sister state of Louisiana in which a similar situation arose. In *State v. Jones*, the defendant applied to the trial court for a reduction in bail. 252 La. 903, 215 So.2d 108 (1968). The defense attorney offered the defendant's testimony on the limited subject of her ability to make bail. The State's attorney objected and stated that he intended to cross-examine her as to her guilt of the offense with which

she was charged.[2] The trial judge ruled that cross-examination would be unlimited. Defendant then reserved a bill of exception to the court's ruling. On appeal, she asserted that the ruling of the judge violated two fundamental protections extended by the state and federal bills of rights in that it effectually denied her the right to testify concerning her inability to furnish the unreasonably high bail unless she would submit to cross-examination with respect to her guilt or innocence of the crimes with which she was charged, and thereby waive her privilege against self-incrimination guaranteed by the state and federal constitutions. The Supreme Court of Louisiana held that the trial court erred in requiring the defendant to elect between her Fifth and Eighth Amendment rights.

We are concerned about announcing a rule which would require a defendant to offer incriminating evidence against himself at an informal bail hearing in an attempt to exercise his Eighth Amendment right under the U.S. Constitution to non-excessive bail. Appellant should be entitled to an efficient and fair hearing to implement his constitutional right to non-excessive bail without sacrificing another constitutional right, that is, his right not to offer incriminating testimony against himself. While *Simmons* dealt with the Fourth Amendment protection from unreasonable searches and seizures, we cannot agree that the Eighth Amendment right to nonexcessive bail is entitled to less protection than the Fourth Amendment right or the Fifth Amendment privilege against self-incrimination. The Eighth Amendment guarantees not just the right to bail, but the right to non-excessive bail. We therefore hold that a defendant may testify in a bail hearing regarding his ability to make bail without subjecting himself to cross-examination on the nature and circumstances of the offense with which he is charged.

■ Since the effect of our ruling enunciates how Rule 104(d) of the Texas Rules of Criminal Evidence should be applied in bail hearings, we now address what would be the result if a defendant himself testified about

**2.** Louisiana's code of criminal procedure is similar to article 17.15 and makes the nature of the

evidence against the accused a factor in the determination of bail.

the circumstances and nature of the offense with which he is charged. This rule is not intended to immunize the accused from cross-examination during a bail hearing when the accused himself injects other issues into the hearing. For example, if an accused testifies to circumstances of the offense, the State may cross-examine him on such issues. Accordingly, in order to prevent any such unjust result, we construe Rule 104(d) to provide that the accused *may subject himself to cross-examination as to issues raised by his own testimony* at the bond hearing. We do not believe our holding that Rule 104(d) applies to bail hearings materially hinders the State. The State has ample means with which to present evidence of "the nature of the offense and the circumstances under which it was committed" through the testimony of other witnesses and reports.

There is another and equally compelling reason why we hold that Rule 104(d) should control. The Code of Criminal Procedure provides that a judge, magistrate, sheriff or peace officer may set the amount of bond under certain circumstances. TEX.CODE CRIM. PROC. ANN. arts. 17.15, 17.20–17.22 (Vernon 1977). To allow these various individuals, who may not have the expertise or the neutrality which one would expect of a trial judge, to oversee the State's cross-examination of an accused on the facts of the case would be constitutionally impermissible. In conclusion, we hold that the trial court erred in ruling that Appellant could be cross-examined on all issues relevant to setting bail, and we reverse and remand for further proceedings in compliance with the procedures and safeguards set forth herein.