

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00390-CR
No. 02-19-00391-CR

_____

EX PARTE ELIGAH DARNELL, JR.

---

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court Nos. 1037163D, 1575071D

---

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

Eligah Darnell, Jr. appeals three rulings related to his pretrial habeas applications. First, Darnell challenges the magistrate's denial of his application for reduced bail. We have already overruled this challenge in a previous opinion, citing a lack of jurisdiction. Our response will be the same here. Moreover, even assuming that we had jurisdiction, the magistrate did not abuse its discretion because the balance of the evidence weighed against a bond reduction.

Second, Darnell argues that the magistrate's decision to allow cross-examination at the bail-reduction hearing violated his Fifth Amendment rights. This claim suffers from the same jurisdictional defect as the previous one. Moreover, even assuming jurisdiction arguendo, this claim is not cognizable on pretrial habeas.

Third, Darnell protests the denial of two habeas applications in which he argued that double jeopardy and collateral estoppel bar his present prosecution. This challenge fails because he has not supplied a record showing that he is entitled to relief. We therefore affirm.

## I. BACKGROUND

Darnell is a serial pro se litigant. In a related appeal, we upheld the denial of three pretrial habeas applications that Darnell filed. *See Ex parte Darnell*, Nos. 02-19-00466-CR, 02-20-00046-CR, 02-20-00047-CR, 2020 WL 1293692, at *1 (Tex. App.—Fort Worth Mar. 19, 2020, pet. ref'd) (mem. op., not designated for publication). The pertinent facts here are much the same as those we set out in our prior opinion:

The record is sparse in these cases, and most of what is known in these cases comes from documents attached to Darnell's notices of appeal (NOA) or through what he pleaded in his writs. What can be established from the record is that the State indicted Darnell for failure to comply with sex-offender-registration requirements. The State's indictment also contains a habitual-offender notice stating that prior to his failure to register, Darnell was previously convicted of failure to comply with sex-offender-registration requirements and felony possession of a handgun on the premises of a school.

According to documents attached to his NOA, Darnell called and rescheduled an October 16, 2018 appointment when he was supposed to report that he had moved to a new address, and he was more than an hour late to his rescheduled November 15, 2018 appointment. These documents further reveal that his appointment to register his new address was then rescheduled again for November 28, 2018. Nothing in the record or the NOA documents indicates whether Darnell attended the November 28, 2018 appointment. But an arrest warrant attached to Darnell's NOA shows that police obtained a warrant for Darnell's arrest on December 6, 2018. The indictment that is in the record indicates that the date of his offense occurred on December 5, 2018. Darnell is currently in jail awaiting trial, allegedly being held under a $25,000 bail.

*Id.* Darnell filed multiple pro se habeas applications, each of which was denied. In appellate cause numbers 02-19-00390-CR and 02-19-00391-CR,[1] Darnell challenges the court's rulings with regard to three of his habeas applications.

---

[1]Some of the relevant documents are absent from the records in these appeals, but they do appear in the records for Darnell's previous appeals. An appellate court may take judicial notice of its own records in the same or related proceedings involving the same or nearly same parties. *Fletcher v. State*, 214 S.W.3d 5, 7 (Tex. Crim. App. 2007). We therefore take judicial notice of the records in cause numbers 02-19-00466-CR, 02-20-00046-CR, and 02-20-00047-CR.

## II. DENIAL OF BOND REDUCTION

For convenience, we begin with Darnell's second issue in appellate cause number 02-19-00391-CR, in which he contends that the magistrate abused its discretion by denying his habeas application for a reduction of his bond. Darnell had asked the magistrate to reduce his bond from $25,000 to $7,000.

Unfortunately, the labyrinthine nature of Darnell's pro se filings caused some clerical confusion at the trial court and in this court. Due to the confusion, we addressed his second issue in our previous opinion. *See id.* at *3–4. And in our opinion, we made note of another clerical oversight: there was no written, signed order denying Darnell's bond-reduction application. *See id.* at *3. Instead, there were only (1) an unappealable oral ruling denying the application and (2) a certificate of proceedings signed by a magistrate providing that Darnell's "motion" was denied. *Id.* We did not view the certificate of proceeding as a valid order that was properly appealable. *Id.* (citing *Langlais v. State*, No. 02-17-00248-CR, 2017 WL 4296447, at *1 (Tex. App.—Fort Worth Sept. 28, 2017, no pet.) (mem. op., not designated for publication)). In the absence of a signed, written order, we held that we lacked jurisdiction to consider Darnell's appeal of the bond-reduction habeas. *Id.*; *see Ex parte Wiley*, 949 S.W.2d 3, 4 (Tex. App.—Fort Worth 1996, no writ).

Despite any discrepancies, this conclusion was the right one, and we stand by it as the law of the case. Under the "law of the case" doctrine, an appellate court's resolution of a question of law in a previous appeal is binding in subsequent appeals

4

concerning the same issue. *State v. Swearingen*, 478 S.W.3d 716, 720 (Tex. Crim. App. 2015). Therefore, "when the facts and legal issues are virtually identical, they should be controlled by an appellate court's previous resolution." *Id.* (quoting *State v. Swearingen*, 424 S.W.3d 32, 36 (Tex. Crim. App. 2014)). Such a rule promotes judicial consistency and efficiency, *id.*, because without the doctrine, "trial courts would in a great measure be at sea, and would feel inclined and be authorized to give but little weight to the decisions of the appellate court." *Carroll v. State*, 101 S.W.3d 454, 460 n.35 (Tex. Crim. App. 2003) (cleaned up) (quoting *Lee v. State*, 148 S.W. 706, 713 (Tex. Crim. App. 1912) (op. on reh'g)). For the same reasons stated in our previous opinion, then, we lack jurisdiction to consider Darnell's second issue concerning bond reduction.

However, after holding in our prior opinion that we lacked jurisdiction, we went further: we assumed for the sake of argument that we had jurisdiction; we noted that there was no record of any hearing wherein Darnell introduced evidence in support of his bond-reduction writ; and we held that Darnell had not carried his burden to produce a record showing his right to relief. *Darnell*, 2020 WL 1293692, at *4.

But we later discovered that the lack of a record was due to another clerical mishap. Since our previous opinion issued, that mishap has been resolved, and we now have a record of a hearing at which Darnell presented evidence in support of his bond-reduction writ. The law of the case doctrine "is not inflexible." *Howlett v. State*, 994 S.W.2d 663, 666 (Tex. Crim. App. 1999). An appellate court may reconsider its earlier disposition of a point of law if the court determines there are exceptional circumstances

5

that mitigate against relying on its prior decision.[2]  *Id.*  Because there has been a material and exceptional change in circumstances since our previous opinion, we will revisit our conclusion-in-the-alternative that Darnell failed to produce a record showing his right to relief.  *See Adams v. State*, 222 S.W.3d 37, 56 (Tex. App.—Austin 2005, pet. ref'd) (implying that changed circumstances may justify a departure from the previous appeal's result); *see also Swearingen*, 478 S.W.3d at 721 (same); *Duran v. State*, No. 02-19-00179-CR, 2019 WL 6606173, at *2 (Tex. App.—Fort Worth Dec. 5, 2019, pet. ref'd) (per curiam) (mem. op., not designated for publication) (same); *cf. Ex parte Granger*, 850 S.W.2d 513, 523 (Tex. Crim. App. 1993) (Clinton, J., dissenting) (arguing that law of the case should not apply "where either pleadings or proof have materially changed between appeals").

In this appeal, we will address the merits, assuming that there was an appealable order that supported jurisdiction.  *See Roberts v. State*, 221 S.W.3d 659, 665–66 (Tex. Crim. App. 2007) (assuming jurisdiction arguendo and addressing underlying merits); *Darnell*, 2020 WL 1293692, at *4 (same); *Jones v. State*, 161 S.W.3d 685, 692 (Tex. App.—Fort Worth 2005, pet. ref'd) (similar).  Nonetheless, our result is unchanged.  As we explain, Darnell's second issue lacks merit because the balance of the evidence at the hearing weighed against granting a bond reduction.

---

[2]Such circumstances may include recognition that our previous ruling was "clearly erroneous," *Howlett*, 994 S.W.2d at 666, or situations "when there has been a change in the controlling law" since the first decision.  *Carroll v. State*, 42 S.W.3d 129, 131 (Tex. Crim. App. 2001).

We review the habeas court's denial of a bond-reduction request for an abuse of discretion. *Ex parte Scott*, 122 S.W.3d 866, 868 (Tex. App.—Fort Worth 2003, no pet.); *see* Tex. Code Crim. Proc. Ann. art. 17.15. To determine whether a habeas court abused its discretion, we must decide whether the court acted without reference to any guiding rules or principles; in other words, we ask whether the act was arbitrary or unreasonable. *Scott*, 122 S.W.3d at 868.

The primary purpose of bail is to ensure a defendant's presence at trial. *Ex parte Benefield*, 403 S.W.3d 240, 242 (Tex. Crim. App. 2013). However, the citizen who has been accused, but not convicted, has a strong interest in liberty. *Id.* Accordingly, bail should be set high enough to give reasonable assurance that the defendant will appear at trial, but it should not operate as an instrument of oppression. *Scott*, 122 S.W.3d at 868. The trial court must strike a balance between the defendant's presumption of innocence and the State's interest in securing the defendant's presence. *Ex parte Taylor*, No. 02-20-00010-CR, 2020 WL 1963788, at *3 (Tex. App.—Fort Worth Apr. 23, 2020, no pet.) (per curiam) (mem. op., not designated for publication). In habeas proceedings, the burden is on the defendant to show that bail is excessive. *Benefield*, 403 S.W.3d at 242.

Article 17.15 of the Texas Code of Criminal Procedure sets forth the following criteria for establishing a defendant's bond:

1.  The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

Tex. Code Crim. Proc. Ann. art. 17.15. As part of "the nature of the offense," the court should consider the length of the potential sentence. *Benefield*, 403 S.W.3d at 242. To ensure these factors are appropriately weighed and to provide a framework by which to determine appropriate bail, courts also consider the defendant's work record, his family and community ties, his length of residency, his prior criminal record, his conformity with previous release conditions, the existence of any other outstanding bonds, and any aggravating circumstances alleged to have been involved in the charged offense. *Taylor*, 2020 WL 1963788, at *3; *see Benefield*, 403 S.W.3d at 242.

Darnell's evidence focused on his limited ability to pay. Darnell testified that at the time of the habeas hearing, he had been incarcerated for nine months, had no sources of income, and owned no property. He explained that his family members had limited resources as well. Darnell offered into evidence a certificate of his inmate trust account showing occasional deposits of a few dollars along with corresponding withdrawals, leaving an end balance of $0.18.

8

On cross-examination, the State drew out evidence concerning other factors. Darnell agreed that prior to his arrest, he was on parole for failure to register as a sex offender in 2010, for which the jury had assessed punishment at 75 years.[3] Darnell also confirmed that aside from his 2010 conviction, he had other felony convictions for burglary of a habitation, unlawful carrying of a weapon, and another offense of failure to register.[4] Finally, Darnell confessed that when an arrest warrant was issued for the present offense, he cut off his GPS monitor: "Once the warrant was issued, I didn't see no reason why I should be walking around with a monitor on."

"Although the ability to meet a bond must be considered, it is not dispositive." *Ex parte Cook*, No. 02-18-00537-CR, 2019 WL 2323643, at *4 (Tex. App.—Fort Worth May 31, 2019, no pet.) (per curiam) (mem. op., not designated for publication). Ergo, while the ability-to-pay factor weighs in Darnell's favor, the magistrate could have reasonably determined that this "one factor" did not outweigh the other factors suggesting that Darnell was a flight risk. *See Ex parte Payten*, No. 02-13-00447-CR, 2013 WL 5968449, at *3 (Tex. App.—Fort Worth Nov. 7, 2013, no pet.) (per curiam) (mem. op., not designated for publication). The charged offense was Darnell's third time to be prosecuted for failure to register. Darnell faced the possibilities that parole for his

---

[3]Darnell testified that despite his parole status, the parole department's rules could possibly allow him to be released on bond "if certain information was provided on [his] behalf."

[4]Left unmentioned was Darnell's 1989 conviction for indecency with a child, for which he was required to register as a sex offender.

75-year sentence would be revoked and that, as a repeat felony offender, another steep sentence would be assessed for the charged offense. Darnell had a lengthy criminal history as well as a demonstrated disregard for release conditions. And Darnell presented no evidence concerning his work record, family ties, or length of residency that might otherwise suggest an "incentive to remain despite the possibility of conviction." *See Ex parte Peyton*, No. 02-16-00029-CR, 2016 WL 2586698, at *5 (Tex. App.—Fort Worth May 5, 2016) (mem. op., not designated for publication), *pet. dism'd*, No. PD-0677-16, 2017 WL 1089960 (Tex. Crim. App. Mar. 22, 2017) (per curiam) (not designated for publication).

On balance, these factors strongly support the magistrate's decision not to reduce bond from $25,000 to $7,000.[5] Therefore, because we lack jurisdiction, and because even assuming jurisdiction, the magistrate did not abuse its discretion, we overrule Darnell's second issue.

### III. FIFTH AMENDMENT RIGHTS UNDER SIMMONS

We next consider Darnell's first and third issues in appellate cause number 02-19-00391-CR, which concern his testimony at the bail-reduction hearing. We did not address these issues in our prior opinion, but the jurisdictional reasoning stated therein applies to these issues with equal force: we lack jurisdiction to consider these issues

---

[5]In his reply brief, Darnell asks us to abate the appeal so that the magistrate can sign an order that would give us jurisdiction to address the merits. Having already assumed jurisdiction and addressed the merits, we decline to do so.

because the magistrate did not render an appealable order concerning Darnell's habeas application for bail reduction. *See Darnell*, 2020 WL 1293692, at *3. Nonetheless, even assuming jurisdiction arguendo, Darnell would not prevail.

The subject of these issues is the magistrate's decision to allow the State to cross-examine him about his prior convictions at the bail hearing. Darnell opened the hearing by testifying about his inability to pay bail. On cross-examination, the State began by asking, "Mr. Darnell, you were convicted of failure to register as a sex offender in 2010; is that correct?" Darnell attempted to plead the Fifth Amendment in order to avoid testifying about his criminal history. The magistrate denied his request, reasoning that Darnell could not invoke the Fifth Amendment to avoid this limited cross-examination on subjects that directly related to his suitability for bail. The magistrate explained that by testifying at the bail hearing, Darnell had opened himself up to cross-examination about "any matters that pertain to the setting of . . . bond, which include risk to the community." Darnell was directed to answer the State's questions about his criminal history, which he did.

In his first and third issues, Darnell contends that the magistrate abused its discretion by requiring him "to forfeit his Fifth Amendment right to remain silent . . . in order to safeguard his Eighth Amendment right to reasonable bail." Darnell cites *Ex parte Homan* for the proposition that he did not open himself to cross-examination about his criminal history simply by testifying in support of his claim that bail was

11

excessive. 963 S.W.2d 543, 544 (Tex. App.—Tyler 1996), *pet. dism'd sub nom. Homan v. State*, 962 S.W.2d 599 (Tex. Crim. App. 1998).

Our first task is to determine whether Darnell's claim is cognizable in a pretrial habeas proceeding. Pretrial habeas is an extraordinary remedy, and we are careful to ensure that the writ is not misused to secure appellate review of matters that should not be put before appellate courts at the pretrial stage. *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010). "Consequently, whether a claim is even cognizable on pretrial habeas is a threshold issue that should be addressed before the merits of the claim may be resolved." *Id.*

When determining whether an issue is cognizable on pretrial habeas, courts consider whether the alleged defect would bring into question the trial court's power to proceed. *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001). Habeas is not appropriate when resolution of the question presented, even if resolved in favor of the applicant, would not result in immediate release. *Ex parte Perry*, 483 S.W.3d 884, 895 (Tex. Crim. App. 2016). Thus, an applicant may use a pretrial writ to assert his constitutional entitlements with respect to bail. *Id.* Conversely, an applicant may not use a pretrial writ to challenge the denial of a motion to suppress. *Id.*

Darnell's challenge to the magistrate's decision to allow cross-examination at his bail hearing arguably falls under the heading of his challenge to excessive bail. Thus, based on its form, Darnell's challenge would at first appear to be cognizable on pretrial habeas.

12

However, in habeas cases, "courts are encouraged to elevate substance over form." *Ex parte Cantu*, 913 S.W.2d 701, 704 (Tex. App.—San Antonio 1995, pet. ref'd). It is the substance of the application and the relief sought that controls, not its title. *Ex parte Gray*, 649 S.W.2d 640, 642 (Tex. Crim. App. 1983); *see In re Daniel*, 396 S.W.3d 545, 549 (Tex. Crim. App. 2013) (orig. proceeding); *Ex parte Caldwell*, 58 S.W.3d 127, 130 (Tex. Crim. App. 2000). For instance, facial constitutional challenges are cognizable, and as-applied challenges generally are not, but "[i]f a claim designated as a facial challenge is in fact an as-applied challenge, courts should refuse to consider the merits of the claim." *Ellis*, 309 S.W.3d at 79–80. Thus, to determine whether Darnell's challenge is cognizable on pretrial habeas, we analyze its substance.

Darnell's challenge rests on the principles announced in *Simmons v. United States*, 390 U.S. 377, 394, 88 S. Ct. 967, 976 (1968). "In *Simmons*, the Supreme Court reasoned that 'an undeniable tension is created' when an accused must give up" the constitutional right not to incriminate oneself in order to exercise a right afforded by another provision of the Bill of Rights.[6] *Nelson v. State*, 765 S.W.2d 401, 403 (Tex. Crim. App. 1989) (quoting *Simmons*, 390 U.S. at 394, 88 S. Ct. at 976). The Court's concern that one constitutional right should not have to be surrendered in order to assert another led the *Simmons* Court to bar the use of certain testimony of an accused; the Court held

---

[6]Or, as Aristotle described this sort of tension in 350 B.C., a man who is equally hungry and thirsty, when placed between food and drink, is bound to remain where he is. *See* Aristotle, On the Heavens, Book II, Part 14 (J.L. Stocks trans.) http://classics.mit.edu/Aristotle/heavens.2.ii.html.

"that when a defendant testifies in support of a motion to suppress evidence on Fourth Amendment grounds, his testimony may not thereafter be admitted against him [at trial] on the issue of guilt unless he makes no objection." *Id.* (quoting *Simmons*, 390 U.S. at 394, 88 S. Ct. at 976).

As Darnell points out, Texas law has extended the thread of *Simmons* into another constitutional context: when an accused testifies at a pretrial hearing in support of an Eighth Amendment claim of excessive bail, he does not sacrifice his constitutional right against incriminating himself such that he opens himself up to wide-ranging cross-examination that may later be admitted at trial.[7] *Mendoza v. State*, 959 S.W.2d 321, 326 (Tex. App.—Waco 1997, pet. ref'd); *Homan*, 963 S.W.2d at 544; *accord United States v. Perry*, 788 F.2d 100, 115–16 (3d Cir. 1986). "While *Simmons* dealt with the Fourth Amendment protection from unreasonable searches and seizures, we cannot agree that the Eighth Amendment right to nonexcessive bail is entitled to less protection than the Fourth Amendment right or the Fifth Amendment privilege against self-incrimination." *Homan*, 963 S.W.2d at 544.

But here, Darnell has already been cross-examined on his criminal history. On appeal, Darnell does not specify exactly what relief he seeks with regard to the

---

[7]The same logic is embedded in our rules of evidence, which provide that "[b]y testifying outside the jury's hearing on a preliminary question, a defendant in a criminal case does not become subject to cross-examination on other issues in the case." Tex. R. Evid. 104(d).

magistrate's decision to allow cross-examination at the bail hearing. He simply cites *Homan* and *Simmons* and then prays for relief.

Still, Darnell's invocation of *Simmons*—and the Texas cases that have extended it to the bail context—offer some indication as to the nature of the relief that Darnell seeks. The remedy that *Simmons* prescribed for the accused's dilemma is to prevent the accused's pretrial testimony from being used at the trial on guilt. *See* 390 U.S. at 394, 88 S. Ct. at 976. It is effectively a guarantee that incriminating statements given at the pretrial hearing will be suppressed at trial.

Thus, at bedrock, Darnell's bid for *Simmons* protection is not a demand for reasonable bail, such that it would be cognizable on pretrial habeas. *See Perry*, 483 S.W.3d at 895. Instead, the substance of the relief he seeks is essentially a request for suppression. *See Gray*, 649 S.W.2d at 642. Our resolution of this request would not result in his immediate release or undermine the trial court's power to proceed; it would simply limit the availability of his pretrial testimony for use at trial. *See Perry*, 483 S.W.3d at 895; *Weise*, 55 S.W.3d at 619. As a suppression question, it is not cognizable on pretrial habeas. *See Perry*, 483 S.W.3d at 895.

We therefore overrule Darnell's first and third issues without addressing their merits, both for want of jurisdiction and ineligibility for pretrial habeas relief.

### IV. DOUBLE JEOPARDY AND COLLATERAL ESTOPPEL

Next, we take up Darnell's habeas challenge concerning double jeopardy and collateral estoppel. Darnell filed two habeas applications concerning these topics, each

15

of which the trial court denied with formal written orders.  Darnell has appealed the denial of his applications in appellate cause number 02-19-00390-CR,[8] though he did not brief his double jeopardy or collateral estoppel arguments on appeal.

"In an appeal from a trial court's denial of an application for writ of habeas corpus, an appellate court may, but is not required to, request briefing from the parties." *Ex parte Houston*, No. 02-16-00359-CR, 2016 WL 6277408, at *1 n.3 (Tex. App.—Fort Worth Oct. 27, 2016, no pet.) (mem. op., not designated for publication) (citing Tex. R. App. P. 31.1).  There being no briefing before us on these matters, "we will review the trial court's ruling based on what appellant raised in his habeas corpus application[s] and argued in the trial court."  *See Ex parte Willhoite*, No. 05-05-01586-CR, 2006 WL 933354, at *1 (Tex. App.—Dallas Apr. 12, 2006, pet. ref'd) (not designated for publication).

---

[8]Darnell's notice of appeal did not specifically mention either of the written orders denying his habeas applications concerning double jeopardy and collateral estoppel.  Nevertheless, "[t]he Rules of Appellate Procedure should be construed reasonably, yet liberally, so that the right of appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule."  *Harkcom v. State*, 484 S.W.3d 432, 434 (Tex. Crim. App. 2016).  "A person's right to appeal a civil or criminal judgment should not depend upon traipsing through a maze of technicalities."  *Id.*  "We do not require 'magic words' or a separate instrument to constitute notice of appeal."  *Id.*  The notice of appeal is "sufficient if it shows the party's desire to appeal from the judgment or other appealable order."  Tex. R. App. P. 25.2(c)(2).  Liberally construing the notice of appeal as we are required to do, we conclude that Darnell has shown his desire to appeal the denial of his habeas applications concerning double jeopardy and collateral estoppel.

16

As to double jeopardy, Darnell alleged in his habeas applications that on May 25, 2010, a jury found him guilty of the offense of failure to register. Darnell alleged that in the 2010 case, he was charged with and convicted of failing to register his address at 2800 Lena Street in 2006 and, subsequently, failing to report an intended change of address. Darnell argued that in the present case, the State is violating double jeopardy by attempting to prosecute him again for "the same offense and operative facts."

The record suggests that Darnell is not being prosecuted again for the same offense and operative facts, but that he is instead being prosecuted for an entirely different change of address in 2018. As to the statute under which Darnell is being prosecuted, the unit of prosecution is one separate offense for each change of address. *Young v. State*, 341 S.W.3d 417, 426 (Tex. Crim. App. 2011) (interpreting Tex. Code Crim. Proc. Ann. art. 62.055(a)).

Regardless, we need not decide whether Darnell's present prosecution violates double jeopardy because Darnell has produced no record to substantiate his factual allegations concerning the 2010 case. As the applicant, Darnell had the obligation to provide a sufficient record that supports his factual allegations with proof by a preponderance of the evidence. *Ex parte Chandler*, 182 S.W.3d 350, 353 n.2 (Tex. Crim. App. 2005). Especially glaring is the absence of the indictment for the 2010 case, which is necessary to determine whether double jeopardy has been violated under Texas's method of evaluating successive prosecutions.

To determine whether the defendant has been subjected to successive prosecutions for the same offense in violation of double jeopardy, we start with the "same elements" test set forth in *Blockburger*. *See United States v. Dixon*, 509 U.S. 688, 696, 113 S. Ct. 2849, 2856 (1993); *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 182 (1932). Under the *Blockburger* test, two offenses are not the same if "each provision requires proof of a fact which the other does not." *Bien v. State*, 550 S.W.3d 180, 184 (Tex. Crim. App. 2018) (quoting *Blockburger*, 284 U.S. at 304, 52 S. Ct. at 182), *cert. denied*, 139 S. Ct. 646 (2018). But in Texas, the analysis does not end there. Using the cognate-pleadings approach, we also look to the pleadings to flesh out the *Blockburger* test. *Id.* (citing *Bigon v. State*, 252 S.W.3d 360, 370 (Tex. Crim. App. 2008)). Under the cognate-pleadings approach, even if the offenses have differing elements under *Blockburger*, they may still be the same for double-jeopardy purposes if the indictment alleges the same "facts required." *Bigon*, 252 S.W.3d at 370. Our focus is "on the elements alleged in the charging instrument." *Id.*

But here, the critical charging instrument from 2010 does not appear in our record. Because "the original indictment does not appear in the appellate record . . . appellant has not provided us with a sufficient record to determine whether both indictments were for the same offense." *Arundel v. State*, No. 05-92-02239-CR, 1997 WL 304431, at *2 (Tex. App.—Dallas June 5, 1997, no pet.) (not designated for publication). We therefore resolve Darnell's double-jeopardy claim against him.

Darnell's claim of collateral estoppel suffers from the same defect. As with his double-jeopardy claim, Darnell has not supplied us with a record upon which to assess the merits of his collateral-estoppel claim. *See Ex parte Taylor*, 101 S.W.3d 434, 442 (Tex. Crim. App. 2002) ("In each case, the entire record—including the evidence, pleadings, charge, jury arguments, and any other pertinent material—must be examined to determine precisely the scope of the jury's factual findings."). He has failed to carry his burden, and we resolve this claim against him. *See Chandler*, 182 S.W.3d at 353 n.2.

## V. CONCLUSION

Having overruled each of the issues that Darnell briefed before this court in cause number 02-19-00391-CR, and having overruled the unbriefed challenges found in the habeas applications that Darnell appealed in cause number 02-19-00390-CR, we affirm the denial of habeas relief.

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 8, 2020