

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00456-CR

**EX PARTE WALDO SEGOVIA, JR.**

On Appeal from the 106th District Court
Lynn County, Texas
Trial Court No. 23-11-07950, Honorable Reed A. Filley, Presiding

April 16, 2024

## OPINION

**Before QUINN, C.J., and PARKER and YARBROUGH, JJ.**

Appellant, Waldo Segovia, Jr., appeals from the trial court's denial of his application for writ of habeas corpus, which sought to have Appellant's bail pending trial lowered. We affirm the denial of the application.

**BACKGROUND**

On August 10, 2023, the Tahoka Police Department arrested Appellant for committing the offenses of aggravated assault causing serious bodily injury,[1] aggravated assault involving the use or exhibition of a deadly weapon,[2] abandoning or endangering

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(a)(1).

[2] *See* TEX. PENAL CODE ANN. § 22.02(a)(2).

a child,[3] and two counts of criminal mischief.[4] Appellant was subsequently indicted for three second-degree felonies and two Class A misdemeanors.[5] Bail was set in the amount of $60,000 for each of the felonies, $6,000 for one of the misdemeanors, and $3,000 for the other. The aggregate amount of the bail settings is $189,000.

Appellant filed an application for writ of habeas corpus seeking bail reduction. At the hearing on the application, Appellant called his mother to testify. She testified that Appellant was raised in Lynn County and has been residing there continuously since 2019; if Appellant were released, he would live with his mother and father in Lynn County, and she would ensure his compliance with the terms of his release; Appellant was injured on his job and, as a result, has not worked since April of 2023; and neither she nor Appellant had the resources to post bail or to obtain a bail bond. The State presented the testimony of the investigating officer. He testified that, as a result of the incident with Appellant, his girlfriend was bruised on her arms, back, body, and face; an emergency protective order was obtained for Appellant's girlfriend and son; and Appellant did not have a reputation for being law-abiding or peaceful. Following the hearing, the trial court denied Appellant's application and maintained bail at the previously set amounts. Appellant requested findings of fact and conclusions of law, which were issued by the trial court.

---

[3] *See* TEX. PENAL CODE ANN. § 22.041(c).

[4] *See* TEX. PENAL CODE ANN. § 28.03(a)(1).

[5] The appellate record includes the indictments for the three felony charges. It does not contain the information or complaint for the two misdemeanors. However, the parties do not dispute that Appellant was charged with two counts of Class A criminal mischief.

From this ruling, Appellant timely appealed. By his appeal, he presents two issues. His first issue contends that the trial court abused its discretion by denying his application for habeas corpus seeking a reduction in bail. His second issue contends that the trial court erred by failing to consider the public safety report required by article 17.15 of the Texas Code of Criminal Procedure.

ISSUE ONE: DENIAL OF HABEAS APPLICATION

By his first issue, Appellant contends that the trial court abused its discretion by denying his application for habeas corpus.

<u>Law</u>

We review the trial court's ruling regarding bail under an abuse of discretion standard. *Ex parte Gill*, 413 S.W.3d 425, 428 (Tex. Crim. App. 2013); *Ex parte McManus*, 618 S.W.3d 404, 406 (Tex. App.—Amarillo 2021, no pet.). A trial court abuses its discretion in setting the amount or conditions of bail if it acts without reference to guiding rules and principles. *Ex parte McManus*, 618 S.W.3d at 407. We will not disturb a decision of the trial court that is within the zone of reasonable disagreement. *Id*.

"The right to release before trial is conditioned upon the accused's giving adequate assurance that he will stand for trial and submit to sentence if convicted." *Ex parte Durst*, 148 S.W.3d 496, 498 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) (op. on reh'g). In determining the amount of bail to set, the trial court is guided by the following rules: (1) the bail should be sufficiently high to give reasonable assurance that the undertaking will be complied with; (2) the power to require bail is not to be so used as to make it an instrument of oppression; (3) the nature of the offense and the circumstances under which

3

it was committed are to be considered; (4) the ability to make bail is to be considered; (5) the future safety of a victim of the alleged offense and the community shall be considered; (6) the defendant's criminal history record shall be considered; and (7) the citizenship status of the defendant shall be considered ("the statutory factors"). TEX. CODE CRIM. PROC. ANN. art. 17.15; *see also Ex parte Walker*, No. 07-22-00048-CR, 2022 Tex. App. LEXIS 4136, at *4–5 (Tex. App.—Amarillo June 16, 2022, no pet.) (mem. op., not designated for publication). Relevant facts to be considered in determining the amount of bail include the accused's work record; family and community ties; length of residency; previous criminal record; conformity with the conditions of any previous bail; the existence of outstanding bails; any aggravating circumstances alleged to have been involved in the charged offense; and the range of punishment for the charged offense ("the judicial factors"). *Ex parte Rubac*, 611 S.W.2d 848, 849–50 (Tex. Crim. App. [Panel Op.] 1981). While the ability to make bail is a factor to be considered in setting bail, ability alone does not control the amount of bail that is appropriate. *Ex parte Charlesworth*, 600 S.W.2d 316, 317 (Tex. Crim. App. [Panel Op.] 1980).

Appellant bears the burden of proving that the bail set by the trial court is excessive. *Ex parte Rubac*, 611 S.W.2d at 849; *Ex parte McManus*, 618 S.W.3d at 407. "On appellate review, it is the duty of the reviewing court to measure the ultimate ruling of the habeas court against the relevant bail factors to ensure that the court did not abuse its discretion." *Ex parte Dixon*, No. PD-0398-15, 2015 Tex. Crim. App. Unpub. LEXIS 659, at *6 (Tex. Crim. App. Sept. 16, 2015) (not designated for publication).

4

Analysis

Appellant presented evidence that he could not post bail, a fact found by the trial court,[6] and that neither he nor his family could post a bail bond. He also established that he has familial ties to Lynn County, has resided in Lynn County continuously since 2019, and would have a job and a place to live were he to be released. His mother testified that she would ensure Appellant's compliance with any bail condition imposed by the trial court.

However, other relevant factors support the trial court's decision not to reduce bail. Appellant has been charged with five offenses: three second-degree felonies and two Class A misdemeanors.[7] The three second-degree felony offenses carry significant punishment ranges of two to twenty years imprisonment and up to a $10,000 fine. Furthermore, Appellant is suspected of committing violence that caused bruising across the body of his girlfriend[8] and of threatening his son and his girlfriend's father with a baseball bat. These allegations implicate the future safety of the victims and community. "The primary factors [for a court to consider in setting the amount of bail] are the length

---

[6] Appellant argues that nothing in the trial court's findings of fact and conclusions of law showed the court's "meaningful consideration of Appellant's inability to make bond." We note, however, that the trial court's sole conclusion of law states that bail is reasonable and not excessive "[d]ue to the above findings of fact." Further, as previously noted, a defendant's inability to post bail alone does not control whether the amount of bail is appropriate. *Ex parte Charlesworth*, 600 S.W.2d at 317.

[7] Appellant argues that the exact wording of one of the felony charges alleges a state jail felony. By its briefing, the State seems to agree. Appellant also argues that another of the felony charges should actually be a Class C misdemeanor. A pretrial writ of habeas corpus proceeding is not the proper vehicle to contest the sufficiency of an indictment. *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010) ("Generally, pretrial habeas is not available to test the sufficiency of the charging instrument . . . ."). As such, in reviewing the trial court's habeas ruling, we will consider the degree of the offense identified in the indictment.

[8] Appellant contends that this assault is not what is alleged by the indictment entered against him. While we express no opinion on that matter, we note that evidence of this assault is relevant to the circumstances surrounding the charged offenses.

of the sentence and the nature of the offense." *Ex parte Rubac*, 611 S.W.2d at 849 (internal citations omitted). Further, the investigating officer testified that Appellant did not have a reputation for being law-abiding or peaceful.

After considering all the statutory and judicial factors relevant to setting bail, we conclude that the trial court did not abuse its discretion[9] in denying Appellant's application seeking a reduced amount of bail. Consequently, we overrule his first issue.

### ISSUE TWO: PUBLIC SAFETY REPORT

By his second issue, Appellant contends that the trial court erred by failing to consider the public safety report required by article 17.15 of the Texas Code of Criminal Procedure and that this error substantially prejudiced Appellant's right to reasonable bail pending trial.[10]

A "public safety report" containing certain information must be prepared when a magistrate[11] is considering the release on bail of a person charged with a Class B

---

[9] In his brief, Appellant contends that "the trial court required no argument from the State on the issues shows (sic) that the bonds were set to keep Appellant incarcerated." However, in a habeas proceeding to reduce bail, Appellant bears the burden of proving that the bail set by the trial court is excessive. *Ex parte Rubac*, 611 S.W.2d at 849; *Ex parte McManus*, 618 S.W.3d at 407.

[10] Nothing in the record affirmatively establishes that the trial court did not consider the public safety report. Generally, when the record is silent, we presume the trial court complied with statutory requirements. *See Word v. State*, 206 S.W.3d 646, 651–52 (Tex. Crim. App. 2006). Appellant improperly flips this presumption by arguing that the absence of any express indication that the trial court considered the public safety report establishes that it did not do so.

Arguably, the record here reflects that the trial court did consider the report. In its findings of fact and conclusions of law, the trial court states that, "The Court found that the Defendant's bail is not excessive and is reasonable as previously set by this Court pursuant to Art. 11.24 and Art. 17.15 of the Texas Code of Criminal Procedure." Article 17.15 obligates a court to consider the "criminal history record information for the defendant" obtained through "the public safety report system . . . ." TEX. CODE CRIM. PROC. ANN. art. 17.15(a)(6). Thus, it is reasonable to conclude that the trial court did consider the report in setting Appellant's bail.

[11] Article 17.022 obligates the magistrate to order the preparation of a public safety report and to consider the same before setting bail. TEX. CODE CRIM. PROC. ANN. art. 17.022(a)(1), (d)(1). However, the

6

misdemeanor or higher, and the magistrate is required to consider the report before setting bail. *Ex parte Gayosso*, No. PD-0513-23, 2023 Tex. Crim. App. LEXIS 809, at *1 (Tex. Crim. App. Dec. 6, 2023) (citing TEX. CODE CRIM. PROC. ANN. art. 17.022(a), (c), (d)(1)). The Texas Court of Criminal Appeals has explained that, "[i]f the trial court did not consider the public safety report required by statute, then it erred, though the court of appeals might be able to consider the issues of preservation and harm." *Ex parte Gayosso*, 2023 Tex. Crim. App. LEXIS 809, at *3.

"Pretrial habeas, followed by an interlocutory appeal, is an extraordinary remedy," which is "reserved for situations in which the protection of the applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory review." *Ex parte Perry*, 483 S.W.3d 884, 895 (Tex. Crim. App. 2016) (internal quotation marks omitted). Our review of an order denying habeas relief is limited to issues that were properly raised in the habeas application and addressed by the trial court. *Ex parte Villanueva*, No. 04-21-00345-CR, 2022 Tex. App. LEXIS 7214, at *5 (Tex. App.—San Antonio Sept. 28, 2022, no pet.) (mem. op., not designated for publication); *Ex parte Campozano*, 610 S.W.3d 572, 581 (Tex. App.—Dallas 2020, pet. ref'd); *Ex parte Perez*, 536 S.W.3d 877, 880 (Tex. App.—Houston [1st Dist.] 2017, no pet.).

In the present case, Appellant did not raise the lack of a public safety report in his application for writ of habeas corpus. He also did not make this argument at the hearing

---

"court, judge, magistrate, or officer" making decisions regarding the amount and any conditions of bail must consider "[t]he criminal history record information for the defendant, including information obtained . . . through the public safety report . . ., including any acts of family violence, other pending criminal charges, and any instances in which the defendant failed to appear in court following release on bail." *Id*. art. 17.15(a)(6).

on his application.[12]  Rather, for the first time on appeal, Appellant raised the issue of the trial court's alleged failure to consider the public safety report.[13]  In reviewing the trial court's order denying Appellant's habeas application, we may not consider issues that were not raised in the application and addressed by the trial court.  Since Appellant did not argue that it was error for the trial court not to consider the public safety report in his application or at the hearing before the trial court, that issue is not properly before us in an appeal from an order denying Appellant's habeas application.  *See Ex parte Chavez*, No. 02-24-00025-CR, 2024 Tex. App. LEXIS 2037, at *14–15 (Tex. App.—Fort Worth Mar. 21, 2024, no pet. h.) (issue of trial court's failure to consider public safety report not preserved when appellant failed to raise it before the trial court).

Even if Appellant had presented the public safety report issue and preserved it for our review, Appellant does not identify how the trial court's alleged failure to consider the report caused him harm.  As such, he has not met his burden to establish his entitlement to the extraordinary relief of habeas corpus.  *See Ex parte Parrott*, 396 S.W.3d 531, 534 (Tex. Crim. App. 2013) (generally, "an applicant must show harm to obtain habeas relief").

Because Appellant's second issue is not properly before this Court in this proceeding, we overrule Appellant's second issue.

---

[12] Further, even were we to assume that Appellant did not have the opportunity to present this argument at the habeas hearing, the record does not reflect that Appellant raised the issue by motion filed after the trial court denied his habeas application.

**CONCLUSION**

Having overruled both of Appellant's issues, we affirm the order of the trial court denying Appellant's application for writ of habeas corpus.

Judy C. Parker
Justice

Publish.